Doc Goodrich & Son, Inc., Appellant, *v.* Public Utilities
Commission of Ohio et al., Appellees.

[Cite as Doc Goodrich & Son, Inc., v. Pub. Util. Comm.
(1978), 53 Ohio St. 2d 70.]

(No. 77-450—Decided February 8, 1978.)

Messrs. *Sanborn, Brandon & Duvall, Mr. E. H. van Deusen* and *Mr. James Duvall,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik* and *Mr. Kevin F. Duffy,* for appellee Public Utilities Commission.

*Mr. Earl N. Merwin,* for intervening appellees Lee Storage Co., Willis Day Moving & Storage Co., Moreton Storage Co., A. B. C. Movers, Inc., and Truckway Service, Inc.

O'NEILL, C. J. Elmer E. Goodrich has been in the moving-and-storage business for about 30 years. The corporation of which he is president, Doc Goodrich & Son, Inc., was the applicant before the commission and is the appellant here. It has no intrastate authority of its own. It provides services which are not exempt from state regulation by leasing its equipment to Louden Lines, Inc., one of the protestants before the commission. Under the leasing arrangement, the appellant does all the hauling and pays ten percent of the revenues to the certificated carrier. In effect the appellant pays to use Louden's certificate. The legality of this arrangement is not before the court to decide.

The arrangement is not very profitable. Therefore the appellant applied to the commission in 1971 under R. C. 4921.09 for a certificate of public convenience and necessity, authorizing movement of household goods and of electronic equipment and office equipment requiring special handling, to and from points in Lucas County. In 1975 the commission followed its examiner's recommendation and granted a certificate. Six protestants filed for a rehearing. The commission granted a rehearing on the question of whether the appellant was a proper party to whom authority could be granted, and required briefs on three other issues: whether the appellant had proved the existence of public convenience and necessity, whether the appellant had proved a deficiency in the existing services provided by the protestants, and whether the commission's 60-day order to the protestants was lawful.

On January 15, 1976, the commission issued an entry ordering a "comprehensive examiner's report." Under that order one of the commission's examiners re-analyzed the record and recommended that the commission vacate its earlier order granting the certificate. On December 29, 1976, the commission vacated its original opinion and order and denied the application. Appellant appeals from the order of December 29, 1976. The intervening appellees are five of the companies that protested the original application before the commission.

First, the appellant claims that by requiring a "comprehensive examiner's report," the order of January 15, 1976, illegally expanded the scope of the rehearing. This claim is without merit. The order which granted the rehearing specified the issues to be considered. This order did not expand the scope of the issues previously considered. It simply specified the means by which the commission would review the case. Clearly the commission could consult the record to determine whether there was evidence to support its prior findings on the issues being reheard; and if the commission itself could review the record, it could also assign that task to its examiner. R. C. 4901.18. Since the order of January 15, 1976, did not enlarge the issues on rehearing, the court need not consider whether the commission can lawfully broaden the scope of a rehearing once the time for granting a rehearing under R. C. 4903.10 has expired.

The appellant argues further that, on rehearing, the commission arbitrarily reinterpreted the evidence so as to reach a new result which the appellant states must have been preconceived. In an administrative case where the evidence allows either of two conclusions, depending on how the agency weighs the testimony, it is arbitrary for the agency to enter one finding, and then re-evaluate the same evidence on rehearing and enter the opposite finding, if there is no added evidence on rehearing and if there is no legal question involved. *State* v. *Ohio Stove Co.* (1950), 154 Ohio St. 27, 93 N. E. 2d 291; *State, ex rel. S. S.*

*Kresge Co.,* v. *Indus. Comm.* (1952), 157 Ohio St. 62, 66, 104 N. E. 2d 450. On the rehearing in the instant cause, however, the commission decided that on a proper view of the law there was *no* evidence to show a public necessity for the appellant's services. The only evidence of a need for services not already available from the existing carriers was the testimony of a witness for the Xerox Corporation, who said that his company needed the services of a carrier with a warehouse. But a single shipper's need for additional service does not establish public convenience and necessity in a certification proceeding where the shipper's need can be met under a permit for contract carriage. *F. J. Egner & Son* v. *Pub. Util. Comm.* (1968), 13 Ohio St. 2d 131, 132, 235 N. E. 2d 131. Therefore, the commission properly denied the application pursuant to R. C. 4921.10

The appellant also argues that the existing motor-transportation service in Lucas County would be deficient but for the service which the appellant is providing under its leasing arrangement with Louden Lines. In its original order the commission accepted this argument as grounds for granting a certificate, but in its order on rehearing it reversed its decision on this point. The order on rehearing is consistent with *Mason* v. *Pub. Util. Comm.* (1973), 34 Ohio St. 2d 21, 295 N. E. 2d 412.

The final order of the commission, being reasonable and lawful, is affirmed.

*Order affirmed.*

Herbert, Celebrezze, W. Brown, P. Brown and Locher, JJ., concur
Sweeney, J., dissents.