Troutman, Appellant, *v.* Mitchem, Appellee.

(Nos. C.A. 11165, 11299 and 11356—Decided April 18, 1984.)

*Mr. Lynn Slaby,* prosecuting attorney, for appellant.

*Mr. Edward L. Gilbert,* for appellee.

George, J. Arverta L. Mitchem was employed by the Summit County Sheriff's Department as a registered nurse at the county jail. Mitchem worked from 4:00 p.m. until 12:00 a.m. and was responsible for a variety of activities. On September 14, 1982, Mitchem was assigned to assist the attending physician during the doctor's call. She was given instructions regarding medication to be dispensed and was responsible for recording information on the inmates' charts. Because of an illness, Mitchem was given permission by the attending physician to leave as soon as she finished her duties. Mitchem went home without dispensing the evening's medication to three inmates.

On September 16, the sheriff issued an order of removal. A timely notice of appeal was filed with the State Personnel Board of Review. The administrative law judge recommended that the order of removal be modified to a ten-day suspension without pay. The board of review adopted the recommendations of the administrative law judge on December 20, 1982. On December 27, the sheriff filed a motion for reconsideration with the board. The motion was denied on January 7. The sheriff filed a notice of appeal with the common pleas court on January 13, 1983.

The trial court ordered that Mitchem be reinstated with back pay during the pendency of the appeal. The trial court also found the order of the board of review was supported by reliable, probative and substantial evidence and was in accordance with law. Mitchem's attorney also submitted an application for attorney fees requesting $6,225. The court found the sheriff was guilty of bad faith and ordered attorney fees in the amount of $2,400.

Assignments of Error

"1. The lower court erred in holding that the court had subject matter jurisdiction to issue an award of back pay in an administrative appeal from an order of the State Personnel Board of Review.

"2. The lower court erred in

awarding back pay to appellee prior to entering judgment on the merits of appellant's administrative appeal.

"3. The lower court erred in failing to appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof.

"4. The lower court erred in affirming the decision of the State Personnel Board of Review not to admit in evidence, for purposes of impeaching the credibility of appellee, a tape recording of a meeting·in which appellee contradicts her testimony before the board.

"5. The lower court erred in concluding that the order of the State Personnel Board of Review was supported by reliable, probative, and substantial evidence, and was in accordance with law.

"6. The lower court erred in holding that appellee was entitled to an award of attorneys fees when the fees were not proximately related to the acts of bad faith upon which the award was predicated.

"7. The lower court abused its discretion in awarding appellee attorneys fees.

"8. The lower court erred in holding that appellant's failure to reinstate appellee to her position pending his appeal of the order of the State Personnel Board of Review modifying appellee's removal to a suspension constitutes bad faith upon which an award of attorneys fees may be made.

"9. The lower court erred in sustaining appellee's motion for attorneys fees."

This appeal was taken pursuant to R.C. Chapters 119 and 124. R.C. 119.12 provides, in part:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

Although the Ohio Administrative Code allows a motion for reconsideration, such a motion and the board's new ruling must be made within fifteen days from the date of the final order. See *In re Appeal of Bidlack* (1982), 3 Ohio App. 3d 351; Ohio Adm. Code 124-15-05. It is clear that a notice of appeal should have been filed with the trial court by January 4, 1983, in order to invoke its jurisdiction. See *Hart* v. *Bd. of Liquor Control* (1953), 96 Ohio App. 128 [54 O.O. 217]; *Townsend* v. *Bd. of Bldg. Appeals* (1976), 49 Ohio App. 2d 402 [3 O.O.3d 461].

When jurisdiction is not properly invoked, the trial court is without authority to render a judgment. R.C. 2305.01. The jurisdiction of the court may be raised at any time by motion or by the court. *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122 [35 O.O.2d 147]. In the present case, Mitchem raised the issue of jurisdiction through the motion to dismiss with the trial court. The trial court overruled the motion and proceeded to hear the case on the merits.

This court finds the denial of the appellee's motion to dismiss was error. The notice of appeal was untimely; consequently, jurisdiction was not conferred upon the trial court. Accordingly, the judgment of the trial court is a nullity. The order of the board of review is reinstated.

*Judgment accordingly.*

MAHONEY, P.J. and QUILLIN J., concur.