HAL ARTZ LINCOLN-MERCURY, INC. ET AL., APPELLEES, *v.* FORD MOTOR COMPANY, LINCOLN-MERCURY DIVISION, APPELLANT.

[Cite as Hal Artz Lincoln-Mercury, Inc. *v.* Ford Motor Co. (1986), 28 Ohio St. 3d 20.]

(No. 86-120—Decided December 19, 1986.)

*Baker & Hostetler, George W. Hairston, Richard W. Siehl* and *Daniel T. Kobil,* for appellees Hal Artz Lincoln-Mercury, Inc., Frank Nero Lincoln-Mercury, Inc., and Cross Roads Lincoln-Mercury, Inc.

*Friedman & Chenette, Jeffrey H. Friedman* and *Frank A. Chenette;* and *Perry R. Silverman,* for appellee Hal Artz Lincoln-Mercury, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general, *LeQuita C. Hopgood* and *Simon B. Karas,* for appellee Motor Vehicle Dealers Board.

*Porter, Wright, Morris & Arthur, Earl F. Morris, Joseph W. Ryan, Jr.* and *David R. Larrouy,* for appellant.

CELEBREZZE, C.J. The question presented in this appeal centers on whether the Motor Vehicle Dealers Board, by granting a motion for rehearing and reconsideration of an earlier order before a court appeal is filed and prior to expiration of the statutory fifteen-day appeal period, retains jurisdiction to rehear the cause and thereafter issue a reconsidered decision after the appeal period has expired.[8]

Ford argues that the board's March 30 order was final and that the protesting dealers ignored their exclusive remedy of judicial appeal. Ford contends that the board's reconsidered decision, which was not actually entered within the fifteen-day appeal period, is a nullity because the agency's jurisdictional authority had ended. The appellate court's decision is erroneous, Ford asserts, because it creates undesirable pitfalls, such as the potential for indefinite postponement of the second decision. Without statutorily set time limits for reconsideration, Ford believes the administrative remedy could run afoul of due process guarantees.

Appellees counter that by granting the application for rehearing and reconsideration during the statutory appeal period, the board extended the time to render its new decision for a reasonable period of time — in this case for a period of time mutually agreed upon by the litigants and the

---

[8] Neither the propriety of the dealers board's rehearing order nor its original decision is before us in this appeal.

board. Appellant Ford has not been deprived of due process, appellees point out, because it was Ford which in fact sought to delay the proceedings.

Appellee dealers board adds that the court of appeals' ruling is in accordance with recent case law of this court and is also consistent with other rehearing procedures of the dealers board set forth in the Ohio Administrative Code. See Ohio Adm. Code 4501:1-3-24. The board reasons that a holding contrary to the appellate court ruling would unduly rush administrative agencies which may properly grant reconsideration near the end of the statutory appeal period by forcing them to dash off a hasty merit decision without due deliberation. Lastly, appellees submit that the brief delay in this case was most reasonable and proper; that it was, in fact, made pursuant to Ford's own motion; and that the promptly reconsidered decision is sustainable.

The appellate court essentially held, consistent with the reasoning of our decision in *State, ex rel. Baker,* v. *Dayton Malleable, Inc.* (1983), 6 Ohio St. 3d 1,[9] that an administrative agency retains jurisdiction over a cause which has not been appealed when it agrees to reconsider the order within the statutory time limit to appeal. Further, the appellate court opined that once the agency's decision to rehear and reconsider is timely made, any new order of the board does *not* have to be issued within the period set to

---

[9] The court of appeals squarely rejected the trial court's application of *Bidlack* and *Troutman, supra,* explaining as follows:

"While it is true that this court's holding in *In re Appeal of Bidlack* (1982), 3 Ohio App. 3d 351, seems to support appellee's position, *Bidlack* has been superseded by the Supreme Court's holding in *State, ex rel. Baker,* v. *Dayton Malleable, Inc.* (1983), 6 Ohio St. 3d 1, wherein the court stated:

" 'Neither *Prayner* nor *Todd* precluded the [Industrial] [C]ommission from retaining jurisdiction over the instant case. * * * [T]he commission must assert its jurisdiction within the * * * [time] period in order to retain it. The commission asserted its jurisdiction with regard to the instant case when it granted * * * [the] motion for reconsideration.' *Id.* at 2.

"The Supreme Court has therefore held that an administrative agency retains jurisdiction in a case when it agrees to reconsider an order within the statutory time limit.

"Here, the action by the board on April 16, granting the motion to reconsider, nullified the original order, even if the grant did not specifically vacate that order. When the motion was granted, appellee thereafter requested a continuance as it was not prepared to proceed. The granting of this request did not divest the board of jurisdiction over the merits. This result is mandated by the holding in *Baker, supra.*

"Appellee urges that the subsequent decision of the court in *Troutman* v. *Mitchem* (1984), 14 Ohio App. 3d 463, which reaffirmed the general holding in *Bidlack,* must be interpreted to mean that *Baker* applied only to the Industrial Commission. This assertion must be rejected, inasmuch as *Troutman's* primary focus was on the jurisdiction of the court of common pleas. In *Troutman,* the appellant failed to timely invoke the jurisdiction of the common pleas court for an appeal. This is not an issue in the instant case."

We concur in the appellate court's assessment that *Bidlack* and *Troutman's* questionable language must be examined in light of this court's post-*Bidlack* holding in *Baker, supra,* and to some extent our more recent decision in *State, ex rel. Gatlin,* v. *Yellow Freight System, Inc.* (1985), 18 Ohio St. 3d 246.

file a court appeal. The appellate court held that the board retained jurisdiction to enter a reconsidered ruling since appellees' timely application for rehearing was granted within the time set for judicial appeal, it was Ford which then requested a continuance, the merit rehearing was conducted at the agreed time, and the board's new order was thereafter entered within a few days. The court reasoned the original order became a nullity when the agency agreed to rehear the matter. The appeals court reversed the common pleas court and remanded the cause to the lower court for further proceedings.

Based on the discussion to follow, and the reasoning offered by the appeals court below, we find the judgment of the court of appeals to be consonant with our past rulings, reflective of Ohio's laws, and exceedingly sensible in its approach.[10]

It is beyond dispute that Ohio's administrative agencies, such as the Motor Vehicle Dealers Board, possess jurisdiction to set aside or otherwise reconsider their decisions until the actual institution of a court appeal or until expiration of the time for appeal, in the absence of specific statutory limitation to the contrary. *State, ex rel. Borsuk,* v. *Cleveland* (1972), 28 Ohio St. 2d 224 [57 O.O.2d 464], paragraph one of the syllabus (civil service commission). See, also, *e.g., National Tube Co.* v. *Ayres* (1949), 152 Ohio St. 255 [40 O.O. 312] (Board of Tax Appeals); *Diltz* v. *Crouch* (1962), 173 Ohio St. 367 [19 O.O.2d 312] (Board of Liquor Control); *State, ex rel. Prayner,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 120 [31 O.O.2d 192], and *Todd* v. *General Motors* (1981), 65 Ohio St. 2d 18 [19 O.O.3d 195] (Industrial Commission); *State, ex rel. Republic Steel Corp.,* v. *Environmental Bd. of Review* (1978), 54 Ohio St. 2d 75 [8 O.O.3d 79].[11] It has been correctly observed that the application for rehearing or reconsideration of an administrative ruling is not itself a new proceeding but is merely another step in the proceeding in which the initial determination was made. *Lambert Constr. Co.* v. *State* (1975), 115 N.H. 516, 519, 345 A. 2d 396.[12] Ordinarily, an application "for rehearing is for the purpose of directing attention to matters said to have been overlooked or mistakenly conceived in

---

[10] This approach is basically consistent with the legislature's express provisions for other agencies. For example, on motion the Public Utilities Commission must exercise its authority to grant reconsideration of its orders within the thirty-day period provided in R.C. 4903.10 and may thereafter affirm, modify or abrogate its original decision. See *Doc Goodrich & Son, Inc.* v. *Pub. Util. Comm.* (1978), 53 Ohio St. 2d 70 [7 O.O.3d 148].

[11] In this vein, Justice Douglas wrote in *United Gas Improvement Co.* v. *Callery Properties, Inc.* (1965), 382 U.S. 223, 229, that "[a]n agency, like a court, can undo what is wrongfully done by virtue of its order."

[12] Furthermore, "[a]s a general rule, when a rehearing is granted the status of the case is the same as though no hearing had occurred, and the original judgment is suspended * * * until and unless it is subsequently adopted by * * * [the administrative board]." 2 American Jurisprudence 2d (1962) 349, Administrative Law, Section 538.

the original decision, and thus invites a reconsideration upon the record upon which that decision rested." *Atchison, T. & S. F. Ry. Co.* v. *United States* (1932), 284 U.S. 248, 259-260.

When an appeal period is set by statute, it is commonly held that the agency must exercise its authority to grant or deny reconsideration of its decision before an appeal is actually commenced and prior to expiration of the appeal period. See, *e.g., Diltz; State, ex rel. Prayner; State, ex rel. Borsuk;* and *Todd, supra.* However, these authorities leave unanswered the question of whether an administrative agency, which has timely asserted its jurisdiction by allowing an application for rehearing, must then also conduct the rehearing and issue its new decision on the merits within the original appeal period. The rift in the case *sub judice* concerns whether the administrative agency which has granted a motion for reconsideration within the statutory appeal period must also issue its new decision "before the expiration of the appeal period." *In re Appeal of Bidlack* (1982), 3 Ohio App. 3d 351, 353, and *Troutman* v. *Mitchem* (1984), 14 Ohio App. 3d 463.

We reached an opposite conclusion in *State, ex rel. Baker, supra,* by holding that once the Industrial Commission asserts its jurisdiction to rehear within the statutory appeal period, it retains the cause. The commission may render its reconsidered order thereafter. We noted that one purpose of having a statutory limit on the filing of an appeal is to prevent stale claims and to encourage claimants to pursue either an administrative or judicial remedy in a timely fashion. "This purpose is fulfilled when * * * the claimant files, and the commission grants, a motion for reconsideration. The claimant will not be penalized for electing an administrative remedy merely because the commission is slow to act." *Id.* at 2. This premise is basically sound and equally applicable to other boards absent specific statutory language to the contrary.[13]

If an appeal is timely filed to a court of common pleas pursuant to the Administrative Procedure Act (R.C. Chapter 119), that court is, of course, not required to render its decision before the expiration of the period in

---

[13] We also reject appellant's assertion that the court of appeals somehow erred in adopting the reasoning of *Baker, supra,* because the Industrial Commission has a ten-year statutory grant of continuing jurisdiction to modify past awards. The *Baker* scenario concerned the commission's authority to reconsider its orders within the sixty-day appeal period of R.C. 4123.519. Similarly, our more recent decision in *State, ex rel. Gatlin, supra,* recognized the agency's "inherent power to reconsider its order for a reasonable period of time absent statutory or administrative regulations restricting the exercise of reconsideration." *Id.* at syllabus.

Likewise, the instant board's authority over its orders does not concern any legislative grant of continuing jurisdiction to modify decisions concerning automobile dealers or franchisors, but rather derives from the "established precedent in this state that boards * * * have control over their [*original*] decisions until the actual institution of an appeal or the expiration of the time for appeal." *National Tube Co., supra,* at 262.

which to file the appeal. Such a ludicrous suggestion could actually compel a trial court to render a final ruling the same day that the appeal notice is filed. Logically, a board sitting in a quasi-judicial capacity, which properly grants a motion for reconsideration during that same statutory appeal period, can not reasonably be expected to always issue a hurried merit ruling before the end of the appeal period. Rather, the agency should render its reconsidered decision within a reasonable period of time as established by statute, agency practice or rule, if any, and in accordance with procedural due process limits.[14]

In this regard, Justice Brandeis wisely laid to rest a contention similar to that set forth by the instant appellant in *Louisville & Nashville RR. Co.* v. *Sloss-Sheffield Steel & Iron Co.* (1925), 269 U.S. 217, 228-229, as follows:

"* * * The earliest order fixing the amount of the reparation was that entered March 8, 1921. The argument is that, although the rules of the [Interstate Commerce] Commission then in force fixed no time for filing petitions for rehearing, a one-year limit must be implied as to the rehearing of orders denying reparation, because § 16 provides that suit on orders granting reparation can be brought only if commenced within one year after entry of the order. This argument, which seeks to reverse a settled practice of the Commission as to the time within which petitions for rehearing could then be filed, is not persuasive. *The further contention that the delay of the Commission in disposing of the application for rehearing deprived it of jurisdiction is obviously unfounded.*" (Emphasis added.)

Additionally, there is more recent federal authority which convincingly holds that, absent contrary legislative intent, reconsidered administrative decisions are timely "as long as the administrative action is conducted within a short and reasonable time period." *Bookman* v. *United States* (Ct. of Claims 1972), 453 F. 2d 1263, 1265, cited with approval and

---

[14] Although our sister states are split on whether administrative agencies may reconsider their decisions in this fashion, we find that the better approach is that adopted by the appellate court below.

By way of illustration, we consider the harmonious Delaware decision of *Lyons* v. *Delaware Liquor Comm.* (1948), 44 Del. 304, 58 A. 2d 889. In that case Lyons applied to the liquor commission for a license. Following a hearing, as in this case, the liquor commission filed an order sustaining the protests and refusing Lyons' application. Thereafter, and within the ten-day statutory appeal period, the commission granted the applicant's motion to reopen the hearing. Later, a rehearing was held, and nearly two months from the date of the original decision the commission entered its reconsidered decision and order. *Id.* at 310-311. A court appeal ensued wherein it was argued, *inter alia*, that the commission was without authority to vacate its original final order; that its subsequent proceedings and new order "should be treated as a nullity; and that since no appeal was taken from the first order, the present appeal should be dismissed." *Id.* at 317. The Delaware court rejected each of these contentions. It held at 318 that the commission had inherent power to reopen the cause and vacate its order during the ten-day appeal period. The commission's later hearing and reconsidered order, entered after the ten-day period, were sustained as a proper exercise of the agency's implied power over its own decisions.

followed in *Faircrest Site Opposition Commt.* v. *Levi* (N.D. Ohio 1976), 418 F. Supp. 1099, 1105, fn. 3.

Likewise, these persuasive authorities share our longstanding belief that administrative agencies have "inherent authority to reconsider their own decisions since the power to decide in the first instance carries with it the power to reconsider." *Trujillo* v. *General Elec. Co.* (C.A. 10, 1980), 621 F. 2d 1084, 1086.[15]

We therefore agree with the court below that the jurisdictional action which must be taken by the agency within the time allowed for judicial appeal, absent valid statutory or rule authority to the contrary, is its ruling concerning the allowance or denial of a properly filed rehearing application.

In this instance, the board's rehearing was conducted nine days following its grant of appellees' timely application to rehear its original decision and its reconsidered order issued but two days later. Such brief delays are certainly reasonable (cf. *State, ex rel. Gatlin,* v. *Yellow Freight System, Inc., supra*); do not exceed any time limit(s) set by statute or rule; are consistent with the fact that a new hearing was held by the board at which arguments of the parties were heard; reflect agency practice; and were actually at the behest of appellant,[16] once it learned at the hearing on appellees' application for rehearing, that the board, over objection, intended to reconsider its decision.[17]

We hold that where an application for rehearing of a decision of the Ohio Motor Vehicle Dealers Board is filed before judicial appeal and prior

---

[15] See, also, *Pan American Petroleum Corp.* v. *Federal Power Comm.* (C.A.D.C. 1963), 322 F. 2d 999, 1003-1004 (Federal Power Commission properly reopened hearing within statutory period for judicial review of the agency's order and thereafter issued new order six months later). See, generally, Annotation, Power of Administrative Agency to Reopen and Reconsider Final Decision as Affected by Lack of Specific Statutory Authority (1960), 73 A.L.R. 2d 939.

[16] The court of appeals noted that "* * * in this case it was appellee which requested continuance, as it was unprepared to proceed. Surely appellee cannot argue that a party to a proceeding is able to request a continuance and then take advantage of additional time granted to it by claiming the expiration of a statutory time limitation."

We agree with the appellate court's application of the settled principle that "[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make" to this administrative proceeding. *Lester* v. *Leuck* (1943), 142 Ohio St. 91 [26 O.O. 280], paragraph one of the syllabus.

[17] We decline Ford's invitation to strike the judgment below and the dealers board's administrative practice concerning applications for reconsideration based on a hypothetical factual scenario not presented by this record. "Constitutional questions will not be decided until the necessity for a decision arises on the record before the court." *State, ex rel. Herbert,* v. *Ferguson* (1944), 142 Ohio St. 496 [27 O.O. 415], paragraph two of the syllabus. Cf. *Cincinnati* v. *Hoffman* (1972), 31 Ohio St. 2d 163 [60 O.O.2d 117], paragraph three of the syllabus; *Vance* v. *St. Vincent Hospital* (1980), 64 Ohio St. 2d 36, 41 [18 O.O.3d 216], fn. 8, overruled on other grounds, *Schwan* v. *Riverside Methodist Hospital* (1983), 6 Ohio St. 3d 300.

to expiration of the statutory appeal period, the board may grant the application and rehear the cause so long as it renders its reconsidered decision within a short and reasonable time, not to exceed any statutory or administrative regulations restricting the exercise of reconsideration.[18]

Accordingly, the judgment of the court of appeals is affirmed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed*
*and cause remanded.*

SWEENEY, HOLMES, C. BROWN and WRIGHT, JJ., concur.

LOCHER, J., concurs in judgment only.

DOUGLAS, J., dissents.

---

[18] In *State, ex rel. Gatlin, supra,* at 251 we advised the Industrial Commission as follows:
"To avoid future actions concerning what constitutes a reasonable period of time to apply for reconsideration and how to perfect such a review, we encourage the commission, in the interest of fairness to claimants and employers, to forthwith promulgate rules pursuant to its rulemaking powers under R.C. 4121.11. * * * [Citations omitted.]"
Similarly, we today advise the dealers' board to augment its existing rules found in the Ohio Administrative Code by including provisions for reconsideration in dealer protest cases pursuant to its rulemaking powers under R.C. 4517.32.