COLLING, Admr., Appellant,

v.

FRANKLIN COUNTY CHILDREN SERVICES et al., Appellees.

[Cite as *Colling v. Franklin Cty. Children Serv.* (1991), 76 Ohio App.3d 736.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–575.

Decided Dec. 10, 1991.

*Luigia Tenuta,* for appellant.

*Michael Miller,* Prosecuting Attorney, *Carol O'Brien* and *Elizabeth A. Scott,* Assistant Prosecuting Attorneys, for appellees.

PEGGY BRYANT, Judge.

Plaintiff-appellant, Linda Colling, administrator of the estate of Mark Longstreth, deceased, appeals from a judgment of the Franklin County Court of Common Pleas finding that, under R.C. 2317.02, her filing a wrongful death action pursuant to R.C. 2125.02 constitutes a waiver of the physician-patient privilege with respect to her treating psychologist.

On September 20, 1989, plaintiff, in her capacity as administrator and personal representative of the estate of Mark Longstreth, her deceased son, filed a wrongful death action against defendants-appellees, Franklin County Children Services, Franklin Village, Franklin County and Carol Hoversten. Plaintiff subsequently filed an amended complaint, purporting to sue not only in her representative capacity, but individually as well. In her amended complaint, plaintiff named as additional plaintiffs not only David Longstreth, Sr., but the derivative heirs and next of kin of Mark Longstreth; and she added a survivorship claim.

As part of discovery, defendant requested the records of Colling's psychologist, Dr. Linda Pope, concerning her counseling of Colling. Defendants asserted that, in filing a wrongful death action, plaintiff waived the physician-patient privilege, and that the documents were relevant in light of the complaint's seeking damages for mental anguish arising out of the death of Colling's son.

Plaintiff filed a motion for protective order. The trial court found the motion to be overbroad and required that plaintiff produce those documents for which no privilege claim existed. The parties being unable to resolve the remaining issues regarding discovery, the trial court ultimately concluded that

" * * * [p]ursuant to § 2317.02, when a civil action is filed by the patient the physician-patient privilege is waived; it appears to the Court that the requested discovery material is excluded from the privilege in view of the filing of this action. * * * "

This court finding the appeal to be from a final appealable order, *Colling v. Franklin Cty. Children Serv.* (Aug. 22, 1991), Franklin App. No. 91AP–575, unreported, we consider the following errors plaintiff has assigned:

"I. The mere bringing of a civil claim under the Wrongful Death Act by a presumed heir at law does not constitute the waiver of privilege which is provided under § 2317.02(B) of the code.

"II. The trial court erred in compelling the disclosure of appellant's privileged therapy records absent a finding of (A) an express waiver by appellant and (B) a relevant, causal relationship between the privileged communication and the underlying wrongful death claim.

"III. The trial court's order compelling disclosure of privileged therapy records is contrary to public policy: to require a presumed heir to choose between individual privacy and a claim under the Wrongful Death Act is to deny the heir due process of law."

Inasmuch as plaintiff's first and second assignments of error are interrelated, we address them jointly. In those two assignments of error, plaintiff asserts that the mere filing of a wrongful death action does not effect a waiver under R.C. 2317.02(B) of the privilege protecting Colling's communications with her psychologist from disclosure set forth in R.C. 4732.19.

Initially, plaintiff contends that the language of R.C. 2317.02(B), pertinent to this action, does not apply to the records of a psychologist. R.C. 2317.02 states in pertinent part:

"The following persons shall not testify in certain respects:

" * * *

"(B)(1) *A physician or a dentist,* concerning a communication made to him by his patient in that relation or his advice to his patient, except as otherwise provided in this division and division (B)(2) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.

"The testimonial privilege under this division is waived, *and a physician or dentist may testify* or may be compelled to testify in a civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under the following circumstances:

" * * *

"(c) If a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.11 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient, the personal representative of the estate of the patient if deceased, or his guardian or other legal representative.
" * * *

"(4) *Divisions (B)(1), (2), and (3) of this section apply to doctors of medicine, doctors of osteopathic medicine, doctors of podiatric medicine, and dentists.*"  (Emphasis added.)

By the language of R.C. 2317.02(B)(1) and (B)(4), the waiver provisions contained therein apply to the specified privileges.  However, as defendant notes, R.C. 4732.19 states:

"The confidential relations and communications between a licensed psychologist or licensed school psychologist and client are placed upon the same basis as those between physician and patient under division (B) of section 2317.02 of the Revised Code.  Nothing in this chapter shall be construed to require any such privileged communication to be disclosed."

While the text of R.C. 4732.19 and, in particular, the language "upon the same basis as" is not as clear as it might be, the foregoing arguably places the privilege at issue herein in the same context as the physician-patient privilege under R.C. 2317.02(B), including the amendments thereto which effect an automatic waiver of the privilege in certain instances.

Assuming that the privilege set forth in R.C. 4732.19 is to be treated in the same manner as the physician-patient privilege under R.C. 2317.02(B), then the issue resolves to whether plaintiff's filing of the wrongful death and survivorship claims herein constituted a waiver under R.C. 2317.02(B)(1)(c) of Colling's privilege with respect to her psychologist.

R.C. 2317.02(B)(1)(c) provides that if a patient, personal representative of the estate of the patient, if deceased, or his guardian or other legal representative files a civil claim, including a medical claim, dental claim, chiropractic claim, optometric claim or a wrongful death claim, the physician or dentist may testify or be compelled to testify in accordance with discovery provisions of the Rules of Civil Procedure.  Neither party contests that plaintiff has filed a wrongful death claim;  and defendant asserts that plaintiff, as the patient who filed a wrongful death claim, waived the privilege under the language of R.C. 2317.02(B).

While plaintiff purports to file her wrongful death and survivorship claims in her individual capacity, she cannot.  R.C. 2125.02 states that "[a]n

action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent * * * and for the exclusive benefit of the other next of kin of the decedent." Indeed, as Judge McCormac explains in his treatise, McCormac, Wrongful Death in Ohio (1982) 39, Section 5.03, a wrongful death action is brought in the name of the personal representative of the decedent, who " * * * as such, has no interest in the case, although the personal representative is frequently a beneficiary who has an interest in the wrongful death action in that capacity. * * * " [1] Hence, in accordance with the foregoing authority, plaintiff's action is filed in her representative capacity as the personal representative of the decedent, not individually.

■ Applying the foregoing to the facts herein, we find that the trial court incorrectly determined that plaintiff's filing the present wrongful death action effected a waiver of the privilege under R.C. 2317.02(B). Plaintiff did not file the wrongful death action as the patient, but as the legal representative of her deceased son, nor did she file as the personal representative of the estate of the deceased patient, or as the patient's guardian or other legal representative. At most, plaintiff is a patient only in her capacity as a beneficiary of the wrongful death action. While plaintiff's acting in two separate capacities confuses the issue of waiver, the fact remains that plaintiff does not fit into any of the categories of plaintiffs whose filing compels an automatic waiver of the privilege. Hence, plaintiff's filing a wrongful death action as the personal representative of her deceased son does not waive the privilege with respect to her individual counseling with Dr. Pope. We do not suggest that Colling, as a beneficiary of the estate, cannot take other action which may waive the privilege. Rather, we decide herein only that plaintiff's filing a wrongful death complaint does not constitute an automatic waiver of the privilege under the terms of R.C. 2317.02(B).

■ However, to the extent Colling, individually, may otherwise waive the privilege, we find those counseling documents to be potentially relevant. In particular, R.C. 2125.02 allows a surviving parent of the decedent to recover compensatory damages, including "[t]he mental anguish incurred by the surviving * * * parents * * *." R.C. 2125.02(B)(5). In her complaint, plaintiff sought damages for mental anguish on behalf of the beneficiaries of the wrongful death action, including herself in her capacity as a beneficiary. While R.C. 2125.02(A)(1) presumes that all the specified next of kin "have

---

1. Similarly, due to the very nature of the action, a survivorship claim must be brought by the personal representative of the decedent.

suffered damages by reason of the wrongful death," the presumption is rebuttable. If Colling ultimately waives the privilege herein, her psychologist's records may be discoverable, as they arguably are reasonably calculated to lead to the discovery of admissible evidence with which defendant may rebut Colling's presumption of damages for mental anguish.

Accordingly, we sustain plaintiff's first and second assignments of error on the grounds that the mere filing of the wrongful death claim herein does not effect a waiver under R.C. 2317.02(B) of Colling's privilege with respect to her psychologist. However, we overrule plaintiff's second assignment of error to the extent she contends that the documents at issue cannot be relevant to the issues raised in her complaint.

In her third assignment of error, plaintiff contends that the trial court's order compelling disclosure of privileged therapy records is a denial of constitutional rights. However, having decided this matter without the need to address the constitutional issue, we defer consideration of that issue until such time as resolution of the issue becomes necessary. *Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590. Accordingly, plaintiff's third assignment of error is overruled.

Having sustained plaintiff's first and second assignments of error to the extent indicated, and having overruled her second assignment of error in part as well as her third assignment of error, we reverse the judgment of the trial court and remand for further proceedings in accordance herewith.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and HOFSTETTER, JJ., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.