**CITY OF MAPLE HEIGHTS, Appellee,**

v.

**PIWINSKI, Appellant.**

[Cite as *Maple Hts. v. Piwinski* (1996), 116 Ohio App.3d 329.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69485.

Decided Dec. 16, 1996.

330

*Michael G. Ciaravino,* Maple Heights Prosecutor, for appellee.

*Zukerman & Associates, Larry W. Zukerman* and *Paul G. Daiker,* for appellant.

---

KARPINSKI, Judge.

Defendant-appellant Raymond Piwinski appeals from an order of the Garfield Heights Municipal Court denying his motion to dismiss criminal charges against him on grounds of double jeopardy.

Defendant was charged with the following three offenses on November 22, 1994: (1) operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1), (2) operating a motor vehicle with a prohibited breath-alcohol concentration in violation of R.C. 4511.19(A)(3), and (3) failing to operate his vehicle within the lanes marked for travel in violation of R.C. 4511.33.

Defendant filed a motion to dismiss the charges against him, contending that the charges violated double jeopardy principles because an administrative license suspension had already been imposed against him for failing the breath-alcohol test at the time of his arrest. The municipal court denied defendant's motion to dismiss.

Defendant thereafter entered a plea of no contest. The municipal court found defendant guilty of operating a vehicle with a prohibited breath-alcohol content in violation of R.C. 4511.19(A)(3). The municipal court merged the operating under the influence charge and *nolled* the lane of travel charge on motion of the prosecution. The municipal court stayed execution of sentence pending this appeal.

█ Defendant's sole assignment of error challenges the trial court's order denying his motion to dismiss the criminal charges as follows:

"The trial court erred in finding that a criminal prosecution under Section 4511.19 of the Ohio Revised Code following an administrative license suspension under Section 4511.191 does not constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause in the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution."

This assignment lacks merit.

Defendant argues that the municipal court should have dismissed the criminal charges against him because it violated double jeopardy principles to maintain criminal proceedings against him after imposing an administrative license suspension arising from the same incident.

The Ohio Supreme Court unanimously rejected this precise argument in *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435, paragraph one of the syllabus. The *Gustafson* court specifically noted that a criminal action was not barred by double jeopardy principles merely because the defendant had previously received an administrative license suspension arising out of the same incident. Accord *Brook Park v. Carter* (Sept. 26, 1996), Cuyahoga App. No. 69796, unreported, 1996 WL 547941.

■ The dissent argues that defendant's "ALS may have been in effect on the date of [his criminal] sentencing" and, therefore, he "was possibly and unconstitutionally exposed to double punishment." However, it is well established that a reviewing court must presume regularity and affirm the judgment of the trial court, even in the context of constitutional claims, absent an adequate record to establish an aggrieved party's claim of error. See *State v. Pedreira* (1988), 36 Ohio St.3d 614, 522 N.E.2d 573.

■ The record in this case contains nothing to indicate that the administrative suspension of defendant's license continued beyond the date he was sentenced for his conviction of R.C. 4511.19(A)(3).[1] This is not surprising because defendant did not even raise this claim in the municipal court or supplement his argument in this court following the Supreme Court's opinion in *Gustafson*. It is well settled, contrary to the dissent's argument, that constitutional decisions should not be made "until the necessity for a decision arises on the record before the court." *Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 28, 28 OBR 83, 90, 502 N.E.2d 590, 597, fn. 6. As a result, we decline to speculate on

---

1. The record contains an uncertified, unauthenticated computer printout that indicates that defendant committed prior DUI offenses. Even if this court could consider this document, however, the printout does not contain any information concerning the duration of defendant's ALS suspension in this case.

any remaining issues.[2]

Accordingly, defendant's sole assignment of error is overruled.

*Judgment affirmed.*

DAVID T. MATIA, J., concurs.

HARPER, P.J., concurs and dissents.

SARA J. HARPER, Presiding Judge, concurring and dissenting.

I wrote a concurring and dissenting opinion in response to the majority's original opinion, an opinion that failed to display a full appreciation of the Supreme Court of Ohio's decision in *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435. Specifically, the original opinion failed to recognize that due process violations can still occur in driver's license suspension cases where sentence is rendered without termination of a still-in-effect suspension.

The majority modified its original opinion as a result of my concurring and dissenting opinion. The majority now discusses how appellant is not entitled to a full review of his due process argument, since he failed to raise the issue exactly addressed in my original opinion and in *Gustafson*. Finding that a "computerized printout" is not competent evidence conveniently justifies the end result reached by the majority. The majority otherwise comments that appellant is free to pursue in the trial court the due process argument relating to suspensions beyond sentencing.

I point out that cases such as this one are cases that were appealed prior to the release of *Gustafson*. My opinion that the case should be remanded for a determination of a due process violation is an interim one, *i.e.*, once trial courts comply with *Gustafson*'s legal pronouncements, such a remedy will hopefully not be necessary.

On this note, I offer my original concurring and dissenting opinion in its entirety:

I agree that a criminal prosecution under R.C. 4511.19 following an administrative license suspension ("ALS") under R.C. 4511.191 for the same conduct does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. Appellant's assignment of error thus fails in this regard and his conviction remains valid.

---

2. Because we decline to express any opinion concerning the merits of this issue, defendant is not foreclosed and may elect to raise this matter without prejudice in the trial court.

However, the majority opinion fails to recognize that the *Gustafson* court did not halt its analysis with its conclusion that a criminal prosecution may legitimately follow the automatic license suspension. A full reading of *Gustafson* reveals the Supreme Court of Ohio's clear declaration that double jeopardy may be implicated in the punishment phase of a criminal prosecution which follows an ALS under R.C. 4511.191.

Despite the repeated characterization of driver's license suspensions as civil in nature and remedial in purpose, the *Gustafson* court recognized the underlying theme of *United States v. Halper* (1989), 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487, and its progeny, *i.e.*, remedial sanctions may be deemed "punishment" for double jeopardy purposes when they " 'cross the line.' " *Gustafson* at 440, 668 N.E.2d at 446–447. An ALS " 'crosses the line,' transforming an initially remedial license suspension into a punishment for double jeopardy purposes, at the point of criminal sentencing after a DUI conviction for violation of R.C. 4511.19." *Id.* at 442, 668 N.E.2d at 448. If the ALS is recognized or enforced beyond the time of sentencing, the ALS is cumulative punishment and precluded by the Double Jeopardy Clauses of the United States and Ohio Constitutions. *Id.*, paragraph four of the syllabus.

Herein, appellant was arrested on November 22, 1994 for driving under the influence of alcohol. The arresting officer seized his driver's license pursuant to R.C. 4511.191 and prepared the necessary form based upon appellant's chemical test result. The record discloses that appellant had prior DUI convictions, but only one occurred within the five years prior to appellant's arrest. The record, however, does not indicate whether appellant's conviction was related to a chemical test and, if so, whether appellant refused the test or consented to it. Depending on these unknown factors, the ALS may have been for a period of ninety days, one year, or two years. See R.C. 4511.191(F).

On July 25, 1995, the trial court found appellant guilty of violating R.C. 4511.19(A)(3). The court suspended appellant's driver's license pursuant to R.C. 4507.16 for a period of one year from the date of arrest. The record otherwise does not refer to the ALS that may still have been in effect on the date of sentencing. Since there is no automatic termination of an ALS under these circumstances in contrast to the circumstances governed by R.C. 4511.191(K), appellant was possibly and unconstitutionally exposed to a second punishment on July 25, 1995, when he was convicted and sentenced on the DUI criminal charge without the termination of the ALS. See *Gustafson.*

Admittedly, the trial court was not subject to *Gustafson*'s guidelines when it sentenced appellant in July 1995. The constitutionality of pursuing criminal convictions after administrative license suspensions was just emerging as a controversial issue. However, given the conclusion that it is unconstitutional to

sentence a defendant for a DUI offense under R.C. 4511.19 while the ALS remains in effect, I cannot adopt the majority's straight affirmance of appellant's conviction.

Although I concur in the affirmance of the conviction, I dissent insofar as the majority does not address the "multiple punishment" aspect of the double jeopardy analysis. The trial court should be instructed to issue an order to the Bureau of Motor Vehicles, if warranted, to terminate the ALS retroactive to the date of appellant's sentencing on the DUI charge. This instruction should be accomplished without causing appellant to appear in court and/or to incur any court costs, as his constitutional rights were the ones potentially violated by the conceivable failure to terminate the suspension.