OPINION
Defendant-appellant, Loveland Park Baptist Church, appeals a decision of the Warren County Court of Common Pleas granting a permanent injunction that restrained appellant from construction of a fellowship hall and activity center on its property.
Appellant owns property on Lilac Drive in appellee, Deerfield Township. The building on the property has been used as a church and place of worship. On December 4, 1997, appellant filed an application for a conditional use permit to construct a fellowship hall and activity center for the church on the same property as the existing building. The Deerfield Township Board of Zoning Appeals approved the conditional use permit subject to certain conditions on March 12, 1998. A zoning permit for the project was issued on April 8, 1998.
The Forstes, adjacent landowners to the church, filed a notice of appeal with the Warren County Court of Common Pleas on April 22, 1998. The common pleas court issued an entry approving a supersedeas bond and a stay, prohibiting appellant from proceeding with the construction.
On April 19, 1999, appellant filed a second application for a conditional use permit for the same property and same purpose as the earlier permit. The board of zoning appeals waived the normal requirement of paying an application fee and assigned the same case number to the application as the prior application filed on December 4, 1997.
A hearing was held on May 13, 1999 and the board of zoning appeals voted to deny the conditional use requested pursuant to the second application. On June 14, 1999, appellant filed a notice of appeal of the board's denial with the Warren County Court of Common Pleas. The Forstes voluntarily dismissed their appeal of the first permit on July 13, 1999.
A motion to dismiss appellant's appeal of the board's denial of the second conditional use request was filed by Deerfield Township ("the township") on November 30, 1999. The common pleas court granted the motion to dismiss. On December 26, 2000, we affirmed the dismissal because appellant had failed to properly serve the board of zoning appeals with a notice of the appeal. Loveland Park Baptist Church v.Deerfield Township (Dec. 26, 2000), Warren App. No. CA2000-03-032, unreported.
On September 24, 1999, while appellant's appeal was pending, counsel for appellant sent a letter to the Deerfield Township Trustees advising them that appellant intended to proceed with construction under the theory that the permit issued on April 8, 1998 was still valid. The trustees responded on September 24, 1999, advising appellant that they did not believe that there was a valid zoning permit in effect and construction should not proceed. Appellant began construction of the project between October 29 and November 1, 1999. On November 2, 1999, the zoning inspector for Deerfield Township issued a notice of zoning violation to appellant. On November 5, 1999, the township filed a complaint for injunctive relief and a temporary restraining order. The common pleas court granted the temporary restraining order and on June 22, 2000 granted a permanent injunction to the township.
Appellant appeals the common pleas court's decision to grant a permanent injunction prohibiting appellant from constructing the fellowship hall and activity center. Appellant raises the following single assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND AS A MATTER OF FACT IN CONCLUDING THAT APPELLEE WAS ENTITLED TO INJUNCTIVE RELIEF.
 A trial court's decision to grant or deny an injunction is a matter solely within that court's discretion. Danis Clarko Landfill Co. v. Clark City Waste Mgt. Dist. (1995), 73 Ohio St.3d 590, paragraph three of the syllabus. On appeal, an appellate court cannot reverse that decision absent an abuse of discretion. Id. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant first contends that the township was not entitled to injunctive relief as a matter of law because they did not establish the elements necessary for granting injunctive relief. Appellant argues that the township did not show that appellant committed a wrongful act, that the township had no remedy at law, and that they did not show that the harm to the township is outweighed by the harm to appellant if the injunction does not issue. See Rite Aid of Ohio, Inc. v. Marc's VarietyStore, Inc. (1994), 93 Ohio App.3d 407, 412. Appellant also argues that the township has failed to establish actual irreparable harm or the existence of an actual threat of such injury. See Ohio Urology v. Poll
(1991), 72 Ohio App.3d 446.
The township's request for an injunction was filed pursuant to R.C.519.24. This section authorizes a township to institute an action for an injunction when land is used in violation of the township's zoning laws. Although the statute provides an injunctive remedy, the township is only required to show that the property was used in violation of the township's zoning laws; it is not required to prove an irreparable injury or no adequate remedy at law. Union Twp. Bd. of Trustees v. Old 74Corp. (2000), 137 Ohio App.3d 289, 294. Accordingly, appellant's first argument is without merit.
Appellant next contends that it was not in violation of the township zoning ordinance since it was proceeding with construction under the first permit request, which was approved. Appellee contends that appellant's second request was in the nature of a rehearing, so the first decision on the application was reconsidered and validly changed by the second.
We find that the facts of this case are most closely analogous to cases in which a party requests rehearing of an administrative agency's decision. The facts establish that appellant initiated the second application and voluntarily made the request that the zoning board reconsider the conditional use permit. The second application was for the exact same property and for the exact same purpose as the first. Appellant's brief states that the second application was filed "[i]n an attempt to alleviate the objections raised by the Forstes ***." The board of zoning appeals assigned the second application the same case number as the first request and did not charge appellant an additional filing fee.
When a party requests a rehearing of an administrative decision, it is not a new proceeding, but "merely another step in the proceeding in which the initial determination was made." Hal Artz Lincoln-Mercury v. FordMotor Co. (1986), 28 Ohio St.3d 20, 25. Appellant's first application and the initial decision made on the request were merged with the zoning board's consideration of the second application. Accordingly, appellant did not have a valid permit to begin construction and was in violation of the township's zoning ordinance. Appellant's second argument therefore also fails.
The common pleas court's decision to grant an injunction to the township was not an abuse of discretion. The assignment of error is overruled.
Judgment affirmed.
VALEN and WALSH, JJ., concur.