{¶ 30} I respectfully dissent. I would conclude that the trial court did not abuse its discretion in permitting the state to admit evidence of defendant's prior convictions for telephone harassment and aggravated menacing as this evidence was probative of the issue of identity. AccordColumbus v. Keaton (June 13, 1991), Franklin App. No. 90AP-1422; Statev. Shekerko (Feb. 17, 1989), Portage App. No. 1869. I would further conclude that the trial court did not abuse its discretion in permitting the state to introduce evidence regarding defendant's prior conviction for aggravated menacing. This evidence was relevant to defendant's credibility and was properly admitted to cross-examine defendant after he stated that he had two prior convictions, and omitted mentioning this conviction. See Evid.R. 611(B).
 {¶ 31} Finally, I do not agree that the matter should be reversed because the furthermore clause was tried to the court, rather than the jury. As defendant readily concedes in his brief, "Defendant does not assign this as error, since it was invited."[1] (Appellant's Brief at 7). I therefore do not believe that this defendant should profit from an error which he induced the trial court to make.
 {¶ 32} Accordingly, I respectfully dissent from the judgment rendered this day.
[1] Under the invited-error doctrine, "[a] party will not be permitted to take advantage of an error which he himself invited or induced." HalArtz Lincoln-Mercury, Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20,502 N.E.2d 590, paragraph one of the syllabus; State v. Seiber (1990),56 Ohio St.3d 4, 17, 564 N.E.2d 408, 422.