{¶ 51} Being unable to agree with the majority opinion, I respectfully dissent.
 {¶ 52} While much of the procedure employed in determining independent and combined applications appears to be murky, at least one provision is stated clearly. R.C. 145.35, dealing with application and medical examination for disability retirement under the OPERS system, states that (a) "[i]f the physician or physicians determine that the member qualifies for a disability benefit," (b) "the board concurs with the determination," and (c) "the member agrees to medical treatment as specified in division (F) of this section," then "the member shall receive a disability benefit under section 145.36 or 145.361 of the Revised Code. The action of the board shall be final." (Emphasis added.) *Page 7 
 {¶ 53} The majority concludes the emphasized language means that when the three factors set forth in the statute materialize, no appeal lies from the board's action in granting benefits. The language, however, has more import than in precluding an appeal. Because the board's determination is "final," it may not be set aside absent some legal basis for doing so.
 {¶ 54} For example, R.C. 4123.52 grants the Industrial Commission the specific authority to "make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." No similar provision grants OPERS's board the authority to change its final decision on disability retirement. Moreover, even if we were to apply the principles from the civil rules or the common law, a mistake, fraudulent act or some other valid reason for modifying a final order is necessary. See, e.g., Civ. R. 60(B) (allowing a trial court to vacate a judgment on the grounds specified in the rule); Hal ArtzLincoln-Mercury v. Ford Motor Co. (1986), 28 Ohio St.3d 20 (recognizing administrative boards have the power to reconsider their decisions only in very limited circumstances, such as when the time for appeal has not expired); Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. ofRev. (2000), 87 Ohio St.3d 363, 368-369 (finding "no inherent power for a board of revision to vacate a decision, even a void decision, after the appeal time has run").
 {¶ 55} Here, relator applied for combined benefits, but in subsequently applying for independent benefits with OPERS he acknowledged he no longer sought combined benefits. His application for independent benefits was determined in a final order, and he began receiving benefits. All parties agree relator cannot receive combined benefits while also receiving independent benefits. Because relator presents no basis on this record for *Page 8 
vacating the OPERS board's order, he cannot pursue an application for combined benefits.
 {¶ 56} In the absence of a legal basis for vacating OPERS's award, relator's decision to abandon his combined application, coupled with his decision to accept an independent award from OPERS, now precludes him from disavowing the final award from OPERS in favor of a combined application that involves SERS. Because the majority concludes otherwise, I dissent. *Page 1