OPINION
{¶ 1} Defendant-appellant, Michael John Gammoh, appeals a decision of the Butler County Court of Common Pleas convicting him of robbery. For the reasons outlined below, we reverse and remand.
 {¶ 2} On the evening of May 2, 2007, appellant entered the Verity Discount Smokes and Carryout store in Middletown. Vikram Gulati, owner of the establishment, was operating the store alone at the time. Appellant asked to purchase a pack of cigarettes and placed a *Page 2 
five dollar bill on the counter. Gulati requested identification from appellant to verify that he was of legal age to purchase cigarettes. Appellant was unable to produce identification. Gulati asked questions to verify appellant's age, and retrieved a pack of the cigarettes appellant requested. The facts are in dispute as to what happened next.
 {¶ 3} Witnesses for the state provided the following version of events at trial. Gulati opened the cash register to make change for appellant's purchase and placed the five dollar bill inside. At this time, Gulati felt appellant's hand reaching into the far left corner of the cash drawer, where the large bills were kept. He seized appellant's hand and appellant struck him in the face. A brief struggle ensued between the two men, after which appellant ran out of the store. Gulati yelled to David Moore, a regular customer who was standing outside, for help in detaining appellant. Moore struggled with appellant, and was eventually able to place him in a choke hold to restrain him until police arrived. Sheila Wells, an employee of the nearby Cassano's restaurant, and her daughter's boyfriend, Justin, also arrived on the scene in response to Gulati's cries. Wells retrieved the stolen cash from appellant and returned it to Gulati.
 {¶ 4} Gulati, Wells, and Moore each testified that they sustained physical injuries as a result of their contacts with appellant. Gulati testified that he sustained injuries to his knee, elbow, finger, and lip, and that his lower back was sore for a number of days following the incident. Moore sustained injuries to his knee and shoulder, and Wells injured her shoulder.
 {¶ 5} Appellant provided a different version of events at trial. Believing Gulati was giving him a hard time about his age, appellant decided to forego the transaction and grabbed his five dollar bill and the pack of cigarettes out of Gulati's hand. At this time, Gulati grabbed appellant by the arm. Appellant pulled away, and Gulati fell backwards. During the fall, Gulati's arm knocked the five dollars and pack of cigarettes out of appellant's hand. Gulati then jumped over the counter and grabbed appellant. The two men struggled, after which *Page 3 
appellant ran out the door. Once outside, someone grabbed appellant from behind and Gulati began hitting him on the head.
 {¶ 6} Appellant denied ever striking Gulati or fighting with the other people who had arrived on the scene, conceding only that he pushed these people away. He also stated that he wanted the police to arrive because he feared for his safety. According to appellant, the money confiscated from him outside the store was his own money that had been in his possession when he entered the store. He denied ever reaching into the cash register.
 {¶ 7} Appellant was indicted on one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. Following a jury trial, he was found guilty of the offense and convicted. The trial court sentenced appellant to a three-year prison term. This appeal followed, in which appellant raises two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT COMMITTED PLAIN AND PREJUDICIAL ERROR WHEN IT INSTRUCTED THE JURY TO HOLD APPELLANT STRICTLY LIABLE FOR THE PHYSICAL HARM ELEMENT OF ROBBERY IN ITS DELIBERATIONS."
 {¶ 10} Appellant argues that he suffered prejudice when the trial court improperly instructed the jury on the robbery offense by imposing a strict liability standard for the physical harm element of the offense rather than the requisite recklessness standard.
 {¶ 11} As stated, appellant was convicted of robbery in violation of R.C. 2911.02(A)(2), which provides that "[n]o person, in attempting to commit a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" The underlying theft offense requires that the perpetrator act knowingly. See R.C. 2911.02(A) and (C)(2); 2913.01(K); 2913.02(A).
 {¶ 12} Regarding the physical harm element of the robbery offense, the plain language of R.C. 2911.02(A)(2) does not specify the requisite degree of mental culpability. Where a *Page 4 
statute does not specify the requisite mental state and the wording does not plainly indicate an intent on the part of the legislature to impose strict criminal liability, the default mental state is recklessness. R.C. 2901.21(B). See, also, State v. Walker, Lucas App. No. L-07-1156,2008-Ohio-4614, ¶ 58. Therefore, the state had to prove, beyond a reasonable doubt, that appellant recklessly inflicted physical harm upon Gulati in order for the jury to find appellant guilty of robbery under R.C. 2911.02(A)(2).
 {¶ 13} During deliberations, the jury submitted the following written question to the trial court: "Please explain law [sic] concerning physical harm intent? Does there have to be intent to be `Robbery'." The trial court responded: "There is no requirement that physical harm be intended. The only intent required is to commit a theft offense. There is no requirement that the defendant knowingly caused physical harm. The knowingly aspect refers to the theft offense." The jury reached its guilty verdict shortly after receiving this answer.
 {¶ 14} The trial court went on the record outside of the jury's presence to answer this question. Appellant was not present at this time, and defense counsel waived appellant's appearance. The court noted that it had consulted both the prosecutor and defense counsel in crafting an answer to the jury question. That consultation had been conducted off the record. On the record, both the prosecution and defense counsel stated their agreement to the answer as worded above.
 {¶ 15} Because the record indicates that defense counsel participated in the creation of the answer to the jury question and expressly approved it, any error related thereto was invited error on appellant's part. State v. Sage (Nov. 30, 1990), Erie App. No. E-89-42,1990 WL 187278, at *3. "The doctrine of invited error holds that a litigant may not `take advantage of an error which he himself invited or induced.'"State v. Campbell, 90 Ohio St.3d 320, 324, 2000-Ohio-183, quotingHal Artz Lincoln-Mercury, Inc. v. Ford Motor Co. (1986),28 Ohio St.3d 20, paragraph one of the syllabus. This doctrine is applied when defense counsel is *Page 5 
"actively responsible" for the trial court's error. Campbell at 324.
 {¶ 16} As stated, defense counsel participated in and acquiesced to the instruction given in response to the jury's question about the physical harm element. Under the invited error doctrine, appellant cannot now complain that the trial court erred in instructing the jury after his counsel induced the court to give the instruction.
 {¶ 17} Appellant's first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "APPELLANT WAS DENIED A FAIR TRIAL WHEN TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE TO APPELANT [SIC]."
 {¶ 20} Appellant contends that defense counsel's performance was deficient for failing to impress upon the jury the requisite mental state of recklessness for the physical harm element of the robbery offense. This omission, insists appellant, was prejudicial because it centered upon a pivotal issue as evidenced by the jury's quick verdict following the trial court's answer to the jury's question about physical harm and intent.
 {¶ 21} To establish ineffective assistance, appellant must show that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. Strickland v. Washington
(1984), 466 U.S. 668, 687-88, 693, 104 S.Ct. 2052. Prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694.
 {¶ 22} Both parties concede that the requisite mental state for the physical harm element of robbery under R.C. 2911.02(A)(2) is recklessness. Defense counsel neglected to ensure that this standard was included at any point during the proceedings. The trial transcript noticeably omits any mention of the recklessness standard for the physical harm element. As stated, defense counsel participated in and assented to the trial court's answer to the jury question omitting the recklessness standard for the physical harm element of *Page 6 
robbery under R.C. 2911.02(A)(2). We find that defense counsel's failure to ensure the inclusion of the recklessness standard for the physical harm element of the robbery offense fell below an objective standard of reasonableness.
 {¶ 23} We also find that appellant was prejudiced as a result of defense counsel's deficient performance. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel."State v. Carter, 72 Ohio St.3d 545, 558, 1995-Ohio-104. Considering the disputed facts in the record, the omission of the recklessness standard from the answer to the jury question, and the complete omission of the recklessness standard from the proceedings, it is uncertain whether the result of the trial was reliable or the proceeding fundamentally unfair. In addition, defense counsel's failure to incorporate the recklessness standard into the defense cannot be categorized as trial strategy.In re Fryman (Dec. 18, 1995), Butler App. No. CA94-12-227, at 8.
 {¶ 24} Appellant's second assignment of error is sustained.
 {¶ 25} The judgment of the trial court is reversed and this cause is remanded for proceedings according to law and consistent with this opinion.
 {¶ 26} Judgment reversed and remanded.
 WALSH, P.J. and YOUNG, J., concur. *Page 1