IN RE APPEAL OF BIDLACK.

(No. 81AP-436—Decided
February 25, 1982.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. James E. Melle* and *Mr. Scott D. Stubblebine,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Joseph E. Scuro, Jr.,* for appellee.

MOYER, J. This matter is before us on the appeal of Thomas Bidlack from a judgment of the Court of Common Pleas of Franklin County affirming a purported order of the State Personnel Board of Review (board), which affirmed the suspension and demotion of Bidlack by the appellee, Ohio State Highway Patrol.

On March 29, 1977, Bidlack, who was an Ohio State Highway Patrol lieutenant, was presented with an order of demotion and suspension which suspended him for ten days and demoted him from the rank of lieutenant to the rank of sergeant. The order stated that Bidlack was guilty of violating rules of the Highway Patrol by not exercising proper command responsibility in the processing of several traffic crash reports and in supervising eleven investigations originated by members of his command; by not exercising proper command responsibility in the proper training of subordinate personnel in the care and use of issued shotguns; and by not insuring proper validation of Leads/NCIC computer information. On the same day, Bidlack tendered a written resignation and turned in his equipment. The following day, March 30, 1977, Bidlack submitted a letter rescinding the resignation. The letter purported to be from Bidlack's

attorney but was apparently signed by Bidlack on behalf of the attorney. On April 1, 1977, Bidlack signed and submitted a second letter rescinding his resignation. On April 5, 1977, Bidlack submitted a letter requesting a voluntary demotion to patrol sergeant. On April 7, he submitted another letter in which he agreed to a demotion to the rank of patrol trooper. The record indicates he was "reinstated" as a trooper. On April 4, 1977, Bidlack's attorney filed with the board an appeal of the ten-day suspension and demotion.

The case was heard before a hearing officer who recommended that the order of the Highway Patrol be disaffirmed because there was no evidence that Bidlack's resignation was ever accepted by the patrol; there was evidence that Bidlack withdrew his resignation; Bidlack's suspension and demotion begun pursuant to R.C. 124.34 was never completed because it was not filed with the board; and Bidlack's alleged voluntary demotion following his alleged resignation was in fact a "reduction in position" accomplished without following the procedure set forth in R.C. 124.34. On April 17, 1978, the board accepted the hearing officer's recommendation and disaffirmed the suspension and demotion. Fifteen days later, on May 2, 1978, pursuant to the patrol's motion for reconsideration, the board issued an order vacating its previous order of April 17 and stating that the parties would be advised of the board's reconsidered decision. The board issued a reconsidered decision on May 22, 1978, which dismissed Bidlack's case for lack of jurisdiction. The board held that it had no jurisdiction over a case involving a voluntary resignation.

The trial court affirmed the reconsidered decision of the board. Appellant Bidlack asserts the following assignments of error:

"In finding that the May 22, 1978 order of the State Personnel Board of Review was supported by reliable, pro-

bative, and substantial evidence, and was in accordance with law, the Court of Common Pleas committed reversible error because:

"(A) The evidence does not support the Board's finding that Appellant voluntarily resigned thereby divesting the Board of jurisdiction.

"(B) The Board's reconsidered order was not issued prior to the expiration of the statutory time for appeal.

"(C) The evidence does not support the Board's finding that Appellant's resignation was accepted by the appointing authority.

"(D) The evidence does not support the Board's finding that Appellant voluntarily agreed to a reduction and demotion, thereby divesting the Board of jurisdiction.

"(E) There was no evidentiary basis for the Board's rejection and reversal of the hearing examiner's factual findings."

The assignments of error restated are that the order of the State Personnel Board of Review is not supported by reliable, probative and substantial evidence and is not in accordance with law. The second subtopic, designated (B) in appellant's brief, will be considered first. Appellant argues that the board could not reconsider its original decision unless it actually rendered another decision to replace it within the fifteen-day period for appeal provided by R.C. 119.12. We agree. In *State, ex rel. Borsuk,* v. *Cleveland* (1972), 28 Ohio St. 2d 224 [57 O.O.2d 464], paragraph one of the syllabus, the Supreme Court held that "[a]n administrative board or agency * * * has jurisdiction to reconsider its decisions until the actual institution of a court appeal therefrom or until expiration of the time for appeal * * *." While the jurisdiction of a civil service commission in *Borsuk* was terminated by the filing of an appeal, the law of the case does apply to the facts of this case.

In the earlier case of *State, ex rel. Prayner,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 120, 121 [31 O.O.2d 192], the Supreme Court stated that "[t]he Industrial Commission has control over its orders until the actual institution of an appeal therefrom or until the expiration of the time for such an appeal." See, also, *Diltz* v. *Crouch* (1962), 173 Ohio St. 367 [19 O.O.2d 312].

In the case before us, the jurisdiction of the board continued throughout the fifteen-day appeal period, and was terminated at the end of the fifteenth day following its order. The board issued an order disaffirming appellant's suspension and demotion on April 17, 1978. No appeal was filed during that time but the Highway Patrol filed a motion for reconsideration. The board's order of May 2, 1978 vacating its April 17 order was issued within fifteen days of the board's April 17 order. However, the reconsidered decision of the board was not issued until May 22, 1978, well outside the fifteen-day statutory limit for filing an appeal. The board, therefore, had no authority to issue its reconsidered order. Because the board vacated, within rule, its April 17 order, there exists no valid order of the board disposing of the issue that was before it. Any other interpretation of R.C. 119.12 would permit an administrative agency to issue an order within rule stating it was going to reconsider a decision and thereafter postpone indefinitely the issuance of another decision. The holdings of the Supreme Court clearly state that the jurisdiction of an administrative agency is terminated at the end of the appeal period, or, when an appeal is filed, and "reconsideration" of an agency's decision within that period means the actual rendition of a new or reconsidered decision before the expiration of the appeal period.

We next consider the arguments in support of the assignment of error relating to evidentiary issues to determine whether the board has jurisdiction to proceed with a hearing on the merits of Bidlack's appeal. Appellant argues that

the conditions under which he resigned from the patrol indicate that his resignation was not voluntary as argued by the state. At the outset, we note that the voluntariness of Bidlack's resignation is relevant only to the extent that it relates to the voluntariness of his ultimate action — accepting a demotion to trooper. He cites the cases of *Williams* v. *State, ex rel. Gribben* (1833), 127 Ohio St. 398 and the decision of this court in *State, ex rel. Lowe,* v. *Bd. of Edn. of the Southwestern City School Dist.* (July 26, 1977), No. 76AP-857, unreported, in support of his argument. In *Gribben,* the Supreme Court held that resignations were not voluntary where the employees were wrongfully persuaded to resign or were induced to resign by other factors. *Williams,* however, is not directly on point because the court therein found that the employees had not been properly removed and that their reinstatement could be enforced by mandamus. In *Lowe,* the employee was given the choice of resigning or facing charges for theft. The employee resigned and this court held that a resignation under those circumstances was not "voluntary" and that the civil service commission, therefore, had jurisdiction of the employee's appeal.

There is an important distinction between both of the cited cases and this case that causes us to conclude they are not binding on our decision in this case. In both of those cases, the employees were told they would have to resign or face some other consequence. Under such circumstances, the decision to resign is not voluntary because the employee is required to either resign or face some other action. It is also significant that the court in *Lowe* decided the case on the assumption that Lowe's resignation was voluntary but that he had withdrawn it before it was accepted and that his removal was therefore not executed pursuant to a resignation by the employee. In the case before us, there is no evidence that Bidlack was given the alternative of resigning or being suspended and demoted. The uncontroverted testimony is that the most severe action with which Bidlack was threatened was a suspension of ten days and a demotion from lieutenant to sergeant.

The major in charge of the bureau of personnel for the patrol testified that shortly after he was informed of the suspension and demotion, Bidlack contacted him and expressed considerable regret over the operation of his (Bidlack's) post, and stated that he realized he had not been functioning as an effective post commander for some time and that he had made the decision to resign. The major testified that he reminded Bidlack that he had about seventeen years of service and then asked "are you sure you are making a rational decision here." Bidlack's response was that he had telephoned his wife and that he had "been thinking about this for some time and had anticipated a possibility of a demotion; and if that occurred, he would resign rather than face the humiliation of it." The major testified that he then prepared resignation forms which Bidlack signed in his presence. A copy of a letter from Bidlack to the personnel at Post 21 dated April 2, 1977 corroborates the major's testimony that Bidlack had been thinking about his position with the patrol for some time and refers to mistakes he had made.

The word "voluntary" is defined variously in the American Heritage Dictionary of the English Language (1979), Webster's Third New International Dictionary Unabridged (1966) and Black's Law Dictionary (5 Ed. 1979) as "[a]rising from one's own free will; acting on one's own initiative"; "produced in or by an act of choice"; and "unconstrained by interference; acting of oneself," respectively.

We hold that, where a public employee is presented with a suspension and demotion by his supervisor, where there is no suggestion that he resign and

the employee of his own free will and choice does, in fact, resign, said resignation is voluntary for purposes of R.C. 124.34.

A related issue raised by appellant Bidlack is that the patrol did not accept his resignation before he withdrew the resignation. Because of our disposition of the question of whether Bidlack's demotion was voluntary, any error committed by the board in concluding that Bidlack's resignation was accepted by the patrol is nonprejudicial. Under the uncommon facts of this case, it does not matter whether Bidlack was technically a member of the patrol when he became a trooper, *i.e.,* whether he was terminated and reinstated at a lower rank or simply demoted.

The final and determinative issue is whether Bidlack's ultimate demotion to trooper was voluntary and, therefore, not appealable to the State Personnel Board of Review or whether it was actually an involuntary demotion, in which case the board would have jurisdiction to consider, on its merits, the action of the patrol. The only testimony in the record regarding Bidlack's demotion to trooper indicates that the demotion was voluntary and was made at his request. The superintendent of the patrol testified that Bidlack was told he could return to the patrol as a sergeant but that Bidlack requested a voluntary demotion to trooper in order that he could be assigned to Paulding County. The personnel officer also testified to that fact and stated that Bidlack wanted to be reassigned to Paulding County in order that he could live with his father because it would be less of a burden to him.

That evidence taken alone would cause us to conclude that Bidlack's demotion to trooper was made upon his initiative and of his own free will and choice and, therefore, voluntary. However, because his motion to grant a "summary disaffirmance" was sustained by the hearing examiner, Bidlack presented no testimony. The conclusion of law of the hearing examiner that "appellant's alleged voluntary demotion following his alleged resignation was, in fact, a 'reduction in position' accomplished without following the procedures set forth in Section 124.34, Ohio Revised Code" is in error. The only evidence before the hearing examiner at the time he made that conclusion was that Bidlack's resignation and demotion were both initiated by him and were voluntary. However, because no testimony was presented by Bidlack, the case must be remanded to give him an opportunity to offer such evidence as he deems appropriate.

The judgment of the trial court was not in accordance with law and the assignment of error is sustained. On remand, the board is instructed to instruct its hearing officer to permit appellant Bidlack to present his evidence on the question of whether his demotion to trooper was voluntary.

*Judgment reversed and cause
remanded with instructions.*

STRAUSBAUGH, P.J., and NORRIS, J., concur.