**JOHN KEN ALZHEIMER'S CENTER, Appellant,**

**v.**

**OHIO CERTIFICATE OF NEED REVIEW BOARD et al., Appellees.**

[Cite as *John Ken Alzheimer's Ctr. v. Ohio Cert. of Need Review Bd.* (1989), 65 Ohio App.3d 134.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP-976.

Decided Oct. 24, 1989.

---

*Benesch, Friedlander, Coplan & Aronoff* and *Harry M. Brown,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Lawrence D. Pratt,* for appellee Ohio Certificate of Need Review Board.

*Carlile, Patchen, Murphy & Allison* and *Donald Antrim,* for appellee Twin Manor Nursing Home.

---

McCORMAC, Presiding Judge.

This matter is before the court upon the response of plaintiff-appellant, John Ken Alzheimer's Center, to a September 1, 1989 order of this court directing plaintiff to show cause why its appeal from an order of defendant-appellee Ohio Certificate of Need Review Board ("board") should not be dismissed for lack of jurisdiction. Plaintiff contends that this court has jurisdiction pursuant to the provisions of R.C. 3702.58 as amended by Am.Sub. H.B. No. 332, effective August 5, 1989.

Sometime prior to June 15, 1986, plaintiff applied for a certificate of need to construct a facility for the care and treatment of patients with Alzheimer's Disease. This application was ultimately denied by the assistant director of health on November 4, 1986, from which decision plaintiff timely appealed to the Certificate of Need Review Board on November 24, 1986. Following extensive proceedings before the board, including an adjudication hearing, the board upheld the November 4, 1986 decision denying plaintiff's application for a certificate of need. The order, dated July 25, 1989, was mailed to the parties on August 1, 1989.

Plaintiff then filed a notice of appeal to the Franklin County Court of Common Pleas on August 14, 1989, and filed a notice of appeal with this court on August 24, 1989. During the period between the August 1, 1989 mailing of the board's order to plaintiff and the date on which plaintiff filed its notices of appeal in the court of common pleas and in this court, Am.Sub.H.B. No. 332 became effective on August 5, 1989. One of the provisions of that bill amended R.C. 3702.58 such that certificate of need applicants may appeal the board's order directly to this court.

Prior to the amendment of R.C. 3702.58, effective August 5, 1989, that section provided in part:

"Any affected person or the director of health may appeal the board's order in the adjudication hearing to the court of common pleas of Franklin county. * * *"

Since this section did not prescribe the method or manner of taking such an appeal, the provisions of R.C. 119.12 apply. That section provides in part:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

Following the amendment of R.C. 3702.58 on August 5, 1989, subsection (E) of that section now provides:

"Any affected person as defined in division (A) of this section or the director of health may appeal the board's order in the adjudication hearing to the tenth district court of appeals. The appellant shall file with the court a notice of appeal designating the order appealed from. The appellant also shall file the notice with the board and, if the appellant is not the director of health, with the director. The notices shall be filed within thirty days after the date the board's order was mailed or the date on which the director's decision became the final order of the board."

Also pertinent to the instant appeal is Section 31 of Am.Sub.H.B. No. 332, which states:

"All appeals pending before the Certificate of Need Review Board on which the hearing has been completed and any litigation pending in the Court of Common Pleas of Franklin County that pertains to the reviewability of a project on the effective date of this section shall be conducted and decided based on sections 3702.51 to 3702.60 and 3702.99 of the Revised Code as they were in effect on June 30, 1989."

Plaintiff contends that because the board mailed its final decision on August 1, 1989, plaintiff's appeal to the board from the decision of the director was no longer pending for purposes of Section 31 of Am.Sub.H.B. No. 332. Accordingly, plaintiff concludes that, because it did not file its appeal in this court until subsequent to the August 5, 1989 amendment of R.C. 3702.58, this court has jurisdiction pursuant to the amended provisions of that section. It is plaintiff's position that the General Assembly intended to give Am.Sub.H.B. No. 332 retrospective effect by including Section 31 of that Act which specifies that prior statutory provisions govern only the enumerated actions listed within that section.

In response to these contentions, defendant-appellee Ohio Department of Health ("department"), contends that this court does not have jurisdiction over the instant appeal and that only the Franklin County Court of Common Pleas has jurisdiction of this matter. The basis for this contention is the department's assertion, relying on *In re Appeal of Bidlack* (1982), 3 Ohio App.3d 351, 3 OBR 408, 445 N.E.2d 722, that the jurisdiction of the board did not end with the issuance of its adjudication order but, instead, continued until plaintiff filed its appeal with the Franklin County Court of Common Pleas.

Initially, this court must determine whether Section 31 of Am.Sub. H.B. No. 332 governs plaintiff's appeal. In dispute is the meaning the parties attribute to the term "pending" used in Section 31. That term is not defined by either R.C. 3702.58 or by any provision of Am.Sub.H.B. No. 332. Absent a clear contrary legislative intent, words in a statute are to be read in context and construed according to their plain and ordinary meaning. *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 137, 522 N.E.2d 477, 479. If terms have acquired a particular or specialized meaning, either by way of legislative definition or by judicial construction, that meaning is to be ascribed to such terms. R.C. 1.42. The plain and ordinary definition of "pending" in the context in which it is used herein is "in suspense" or "not completed."

The Supreme Court of Ohio has previously defined the term "pending" to include actions which a lower tribunal has finally adjudicated, but from which an appeal has not yet been taken. See *Hupp v. Hock–Hocking Oil & Natural Gas Co.* (1913), 88 Ohio St. 61, 66–71, 101 N.E. 1053, 1055–56, and *Bode v. Welch* (1875), 29 Ohio St. 19, 22. See, also, *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 104, 522 N.E.2d 489, 494, fn. 3. For administrative law cases, the action is pending in the administrative agency until the time for appeal expires or an appeal is filed since the administrative agency retains jurisdiction during that time. See *In re Appeal of Bidlack, supra.* Hence, the matter during that time is still in suspense or not completed.

Applying this definition of the term "pending" to the cause before us, it is apparent that plaintiff's appeal from the department's denial of its certificate of need application was still pending before the board within the meaning of Section 31 of Am.Sub.H.B. No. 332. Since plaintiff enjoyed the right under former R.C. 3702.58 to take an appeal from a final order rendered by the board on its application, the matter was still pending before the board

on August 5, 1989 when Am.Sub.H.B. No. 332 went into effect.[1]  Accordingly, since the matter was still pending before the board on August 5, 1989, this court has no jurisdiction under amended R.C. 3702.58 to consider plaintiff's appeal.

*Appeal dismissed.*

BOWMAN and PEGGY BRYANT, JJ., concur.

---

**1.** Given our disposition of this appeal under Section 31 of Am.Sub.H.B. No. 332, this court expresses no opinion as to the retroactive effect of amended R.C. 3702.58 to other cases. Section 31, by its terms, makes clear that the amended version of R.C. 3702.58 has no retroactive effect on appeals pending before the board as of August 5, 1989.