HOLLIDAY, Appellant,

v.

OHIO DEPARTMENT OF ALCOHOL AND DRUG
ADDICTION SERVICES, Appellee.

[Cite as *Holliday v. Ohio Dept. of Alcohol & Drug
Addiction Serv.* (1997), 119 Ohio App.3d 517.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE08–1055.

Decided May 22, 1997.

*Fishman & Fey Co., L.P.A.*, and *Dennis J. Rasor*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Noelle T. Tsevdos*, Assistant Attorney General, for appellee.

PEGGY BRYANT, Judge.

Appellant, Rudy Holliday, appeals from a judgment of the Franklin County Court of Common Pleas, affirming a decision of the State Personnel Board of Review that dismissed appellant's appeal as untimely.

On March 27, 1995, appellant filed an appeal with the board, alleging that he had been reduced in pay and position. The hearing officer for the board forwarded a questionnaire to the parties; appellant responded not only with answers to the questionnaire, but also his affidavit. The undisputed facts reveal that appellant at all pertinent times was employed by appellee, the Department of Alcohol and Drug Addiction Services. Although appellant had been classified as an Alcohol and Drug Program Administrator 2, on April 25, 1994, appellant signed the following statement:

"I, Rudy Holliday, agree to take a voluntary reassignment from an Alcohol and Drug Program Administrator 2 (69446) pay range 14, step 6 at $23.84, plus longevity to an Alcohol and Drug Program Administrator 1 (69445) pay range 13, step 6 at $21.62, plus longevity effective April 24, 1994."

The personnel action necessary to effectuate the demotion was effective May 15, 1994. Appellee did not file an R.C. 124.34 order of reduction for appellant.

The disputed facts include appellant's contention that the foregoing statement was not voluntarily signed; rather, he contends that he was coerced into signing the statement because appellee gave him the choice of taking the demotion or being removed from his position. Appellant further alleges that he was fraudulently induced to accept the reduction because appellee told him the demotion would be effective only until the Christmas holidays, when he would be returned to his former position of Administrator 2.

Appellee contended before the board that appellant's appeal to the board was untimely; appellant responded by arguing that his appeal was timely because it was filed on March 27, 1995, within ninety days from the time he was not reinstated to his former position.

Adopting its hearing officer's report, the board determined that the personnel action effectuating appellant's demotion was May 15, 1994, giving appellant ninety days from that time under Ohio Adm.Code 124–1–03 to file an appeal. Because his appeal clearly was filed more than ninety days after May 15, 1994, the board determined that his appeal was not timely.

To the extent that appellant argued that his demotion was coerced, the board found that the coercion occurred on April 25, 1994, rendering his March 27, 1995 appeal untimely. In rejecting appellant's contention that the appeal period should be extended due to appellee's fraud, the board refused to recognize a

temporary demotion, as R.C. Chapter 124 does not differentiate between temporary and permanent reductions.

Finally, appellant argued that his appeal time had not yet begun to run, as appellee had failed to issue an order of reduction as required by R.C. 124.34. Again, the board rejected appellant's contentions, concluding that appellee was not required to file an R.C. 124.34 order, given appellant's signed statement that he voluntarily accepted the reduction.

Appellant appealed the board's decision to the common pleas court, which affirmed the board's order. Appellant appeals the judgment of the common pleas court, assigning the following errors:

"I. The court of common pleas erred as a matter of law by not accepting appellants [*sic*] allegations as true.

"II. The court of common pleas erred as a matter of law by holding that an agency is not required to file an order of reduction according to R.C. 124.34.

"III. The court of common pleas erred as a matter of law by interpreting Ohio Adm. Code 124–1–03(e) [*sic*] contrary to R.C. 124.34.

"IV. The court of common pleas erred as a matter of law by affirming that PBR lacked jurisdiction according to Ohio Adm. Code 124–1–03.

"V. The decision of the court of common pleas that PBR's dismissal was not unreasonable, arbitrary, or discriminatory, or an abuse of discretion, is against the manifest weight of the evidence."

Appellant's five assignments of error present two issues for our determination: (1) whether appellee's failure to file an R.C. 124.34 order of reduction divested the board of jurisdiction so as to toll the time within which appellant was required to file an appeal to the board of the personnel action taken, and (2) whether the alleged coercion and fraud toll the time within which appellant was required to file such an appeal.

■ Underlying appellant's first issue is his contention that R.C. 124.34 requires appellee to issue an order of reduction in this case. With that premise, appellant further contends that Ohio Adm.Code 124–1–03 contradicts R.C. 124.34 by allowing appellee (1) to reduce appellant's position without the required R.C. 124.34 order and (2) to divest the board of the jurisdiction conferred under R.C. 124.34. Appellant contends that the time to file his appeal thus must be tolled until appellee files the mandatory R.C. 124.34 order.

R.C. 124.34 sets forth the parameters for appeals to the board, and states:

"In any case of reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the

order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission."

Ohio Adm.Code 124–1–03(E) addresses those instances when no R.C. 124.34 order is given, and states:

"Appeals from alleged reductions in pay or position which do not involve a 'section 124.34 order' shall be filed with the board, in writing, within ninety days after receipt of notice of the reduction or if no notice is given, within ninety days of the actual imposition of the reduction. The appeal time may be extended within the discretion of the board."

Appellant incorrectly asserts that an R.C. 124.34 order is necessary in each instance an employee is demoted. While R.C. 124.34 requires an order, for example, if an employee is involuntarily reduced in position or pay, such an order is not necessary for a voluntary reassignment or voluntary demotion, because the board has no jurisdiction over voluntary reductions. See *In re Appeal of Bidlack* (1982), 3 Ohio App.3d 351, 3 OBR 408, 445 N.E.2d 722; *Kinney v. Ohio State Dept. of Adm. Services* (1984), 14 Ohio App.3d 33, 14 OBR 37, 469 N.E.2d 1007. As a result, if appellant agreed to the reassignment to avoid meritorious grievances filed against him, as alleged, his demotion would be outside the board's jurisdiction. *Bidlack; Kinney, supra.*

Appellant, however, contends that his reduction was not voluntary, as he was told that his employment would be terminated if he did not agree to the reduction. While appellant correctly asserts that such a personnel action would not be voluntary, the board would first have to determine on appellant's appeal whether the reduction was voluntary as appellee asserts, or involuntary as appellant asserts. See *Bidlack, supra.* Ohio Adm.Code 124–1–03 provides the mechanism for appellant to bring the matter before the board, despite appellee's contention that no order was necessary due to the voluntary nature of the reduction. As applied here, then, Ohio Adm.Code 124–1–03 does not contradict R.C. 124.34, but complements it. See, *e.g., State ex rel. Lowe v. Bd. of Edn. of Southwestern City School Dist.* (July 26, 1977), Franklin App. No. 76AP–857, unreported.

The issue, however, is complicated by appellant's failure to file an appeal within ninety days under Ohio Adm.Code 124–1–03. While he contends that he had no obligation to comply with the rule, but could wait for an order under R.C. 124.34, his argument begs the question; if the reduction was voluntary, no order was required. On the other hand, if the reduction was involuntary, the reduction is

ineffective. The matter is resolved by bringing an action before the board through Ohio Adm.Code 124–1–03 within ninety days. Because appellant did not file his appeal within ninety days, he has no vehicle by which the board can consider whether his reduction was involuntary and therefore ineffective for lack of the required order under R.C. 124.34.

Moreover, were we to adopt appellant's dual argument that R.C. 124.34 not only renders Ohio Adm.Code 124–1–03 ineffective but also tolls the time for appeal under that section until appellee files an R.C. 124.34 order, we would in effect leave employees of the state with no remedy under R.C. 124.34 in instances like this. Specifically, the Ohio Supreme Court has held that state employees may not use mandamus to force their employing agency to file an R.C. 124.34 order, since they have an adequate remedy at law in Ohio Adm.Code 124–1–03, which provides an opportunity to appeal even if the employing agency or department fails to file an order of reduction under R.C. 124.34. *State ex rel. Shine v. Garofalo* (1982), 69 Ohio St.2d 253, 23 O.O.3d 251, 431 N.E.2d 680.

Instead, under the current law, an employee has two alternatives: (1) to await, perhaps indefinitely, an order of reduction under R.C. 124.34, or (2) to appeal within the time limits specified in Ohio Adm.Code 124–1–03, despite the failure of the employer to issue the specified order. Here, because appellee did not file an R.C. 124.34 order, and appellant cannot compel appellee by mandamus to produce such an order, appellant's only avenue for review was a timely appeal under Ohio Adm.Code 124–1–03.

Given the foregoing, appellant's first issue is unpersuasive. The board was not divested of jurisdiction by virtue of appellee's failure to issue an order of reduction under R.C. 124.34. Rather, its jurisdiction could be invoked through Ohio Adm.Code 124–1–03(E), provided appellant complied with the time limits set forth in that rule.

Appellant's second issue asserts that the board erred in finding that his appeal was untimely, given the coercion and fraud that he alleges accompanied his demotion.

■ Appellant first contends that his "voluntary reassignment" was coerced, as he was forced to sign the statement of "voluntary reassignment" or face losing his job. Even if we accept appellant's contentions as true, the coercion occurred on or about April 25, 1994, or at the latest, May 15, 1994, the date his demotion became effective. His appeal was not filed until March 27, 1995, and was not timely under Ohio Adm.Code 124–1–03.

■ Appellant's contentions concerning fraud are more difficult. He asserts that even though he was coerced to sign the "voluntary reassignment," he was verbally assured that the demotion would be terminated after Christmas 1994,

and asserts that he received assurances after the demotion, but before Christmas 1994, that the reduction would be terminated as promised. Finally, he contends that he realized only after Christmas that the promises on which he had relied were untrue, as the demotion was not terminated and he was not returned to his original position.

Contrary to appellant's contentions, the "voluntary reassignment" he signed in no way suggests that his demotion was temporary; it contains no date indicating when the demotion will terminate, and by that absence suggests nothing but a permanent demotion. Appellant has the rights specified under R.C. 124.34 and the accompanying administrative rules; conversely, the board may exercise only the power conferred on it. His rights are triggered either by an order of reduction under R.C. 124.34, or by notice of reduction or actual reduction imposed under the administrative rule. Regardless of what he may have been told, he received the triggering notice and reduction, neither of which indicated that the reduction would be temporary. Appellant was obliged to appeal within the time limits specified by the rule. Because he failed to do so, his appeal properly was dismissed.

R.C. 124.34 manifests an intent that personnel matters be brought before the board quickly and be handled expeditiously. Thus the statute and the accompanying administrative rule specify those events that trigger an employee's opportunity to bring personnel matters before the board for review. Contrary to the intent manifested in R.C. 124.34, appellant's contentions would allow an appeal to be brought well outside the time limits specified in statute or rule. While the common law clearly allows some latitude in instances of fraud or estoppel, principles applicable to nongovernmental entities do not always apply to governmental departments. See, *e.g., Sekerak v. Fairhill Mental Health Ctr.* (1986), 25 Ohio St.3d 38, 25 OBR 64, 495 N.E.2d 14; *Griffith v. J.C. Penney Co.* (1986), 24 Ohio St.3d 112, 113, 24 OBR 304, 304–305, 493 N.E.2d 959, 960–961. Appellant's second issue is not well taken.

Because appellant was given a written notice reflecting reduction, Ohio Adm. Code 124–1–03 required that he appeal within a specified time period. Appellant having failed to do so, his appeal was untimely and properly dismissed. Accordingly, all five of his assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and DESHLER, JJ., concur.