DECISION
Appellant, Randy Triplett, appeals the decision of the Franklin County Court of Common Pleas affirming the order of the State Personnel Board of Review ("SPBR") that had dismissed appellant's appeal for lack of jurisdiction. This case involves application of the Ohio Supreme Court's decision in Davis v.Marion Cty. Engineer (1991), 60 Ohio St.3d 53, as to what constitutes acceptance of a civil service employee's resignation. For the following reasons, we affirm.
Appellant was employed by appellee, Ohio Department of Rehabilitation and Correction, as a captain at the Allen Correctional Institution. On October 3, 1996, appellant submitted his written resignation, effective October 13, 1996, to Warden Michael A. Leonard. On the afternoon of October 11, 1996, appellant attempted to revoke his resignation, but Warden Leonard denied his request.
On November 5, 1996, appellant filed an appeal with SPBR stating in his notice of appeal that he was appealing the appellee's "[r]efusal to allow revocation of resignation." A two-day evidentiary hearing was held before an administrative law judge ("ALJ") and, on December 22, 1997, the ALJ filed her report and recommendation with SPBR.
In her report, the ALJ specifically found: (1) that at approximately 8:00 a.m., October 11, 1996, Warden Leonard dictated and signed a letter accepting appellant's resignation; (2) that a copy of the letter was delivered to appellant's residence at approximately 10:30 or 11:00 a.m.; (3) that an attempt to personally deliver the letter to appellant at the residence failed but that the letter was affixed to the side door of the residence, adjacent to the driveway; (4) that a copy of the letter was mailed by regular U.S. mail to appellant's residence; (5) that appellant and Warden Leonard had no contact from the time appellant submitted his letter of resignation until approximately 4:30 p.m. on October 11, 1996; and (6) that, at their meeting in the afternoon of October 11, 1996, Warden Leonard provided appellant a copy of the acceptance letter prior to appellant informing Warden Leonard that appellant wanted to revoke his resignation and prior to appellant providing Warden Leonard with a letter revoking his resignation.
Based upon these factual findings, the ALJ concluded that, under the guidelines established in Davis, supra, Warden Leonard accepted appellant's resignation as early as when he wrote the letter of acceptance on the morning of October 11, 1996, or, at the latest, when he personally informed appellant at their afternoon meeting — in either case prior to appellant's attempted revocation. Thus, since the SPBR has no jurisdiction to review a public employee's voluntary resignation that is properly accepted, the ALJ recommended that appellant's appeal be dismissed for lack of subject matter jurisdiction. On February 11, 1998, the SPBR ordered that appellant's appeal be dismissed for lack of subject matter jurisdiction.
On February 27, 1998, appellant appealed the SPBR's decision to the Franklin County Court of Common Pleas. On November 10, 1998, the court of common pleas ruled that SPBR's decision was supported by reliable, probative, and substantial evidence and in accordance with law. In particular, the trial court ruled that the ALJ's conclusion that Warden Leonard drafted the acceptance letter on the morning of October 11, 1996, was supported by sufficient evidence and was legally sufficient to constitute acceptance of appellant's resignation under Davis. Final judgment was entered on December 9, 1998. It is from this judgment entry that appellant appeals raising the following eight assignments of error:
 I. THE PERSONNEL BOARD OF REVIEW'S DECISION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE, WAS CONTRARY TO LAW AND THUS THE TRIAL COURT'S ACCEPTANCE OF THE PBR DECISION WAS IN ERROR.
 II. THE STATE PERSONNEL BOARD OF REVIEW ACTED IMPROPERLY IN FAILING TO REQUIRE THE APPOINTING AUTHORITY (APPELLEE) TO DEMONSTRATE BY CLEAR AND CONVINCING EVIDENCE THAT IT HAD ACCEPTED APPELLANT'S RESIGNATION PRIOR TO GAINING KNOWLEDGE THAT MR. TRIPLETT INTENDED TO RESCIND HIS RESIGNATION. THUS, THE TRIAL COURT ERRED IN UPHOLDING THE PERSONNEL BOARD OF REVIEW DECISION.
 III. THE TRIAL COURT ERRED IN ITS DECISION BY FINDING CONTRARY TO RELEVANT CASE LAW THAT ACCEPTANCE OF A RESIGNATION WHICH WAS NOT COMMUNICATED TO TRIPLETT PRIOR TO THE APPELLEE'S KNOWLEDGE OF TRIPLETT'S DESIRE TO RESCIND WAS SUFFICIENT TO PREVENT TRIPLETT FROM REVOKING HIS RESIGNATION PRIOR TO ITS EFFECTIVE DATE.
 IV. THE TRIAL COURT ERRED IN UPHOLDING THE STATE PERSONNEL BOARD OF REVIEW'S DECISION THAT TRIPLETT COULD NOT REVOKE HIS RESIGNATION PRIOR TO ITS EFFECTIVE DATE EVEN IF THE APPELLEE HAD ACCEPTED SUCH RESIGNATION.
 V. THE TRIAL COURT ERRED IN UPHOLDING THE STATE PERSONNEL BOARD OF REVIEW FAILURE TO ESTABLISH, BASED UPON THE RECORD, A FINDING OF FACT THAT THE APPELLEE DID NOT ACCEPT TRIPLETT'S RESIGNATION UNTIL AFTER IT GAINED KNOWLEDGE THROUGH HIS SECRETARY THAT TRIPLETT INTENDED TO RESCIND HIS RESIGNATION.
 VI. THE TRIAL COURT'S ADOPTION OF THE STATE PERSONNEL BOARD OF REVIEW'S DECISION IS IN CONFLICT WITH THE OHIO SUPREME COURT DECISION IN DAVIS V. MARION COUNTY ENGINEER (1991), 60 O.S. 3d 58.
 VII. THE TRIAL COURT ERRED BY ADOPTING THE STATE PERSONNEL BOARD OF REVIEW'S CONCLUSION WHICH WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
 VIII. THE TRIAL COURT'S DECISION SUSTAINING THE PERSONNEL BOARD OF REVIEW CONCLUSION THAT IT LACKED SUBJECT MATTER JURISDICTION WAS IN ERROR.
Before addressing appellant's assignments of error, we must first decide several preliminary issues raised by appellee. First, appellee contends that the SPBR did not have authority to even consider appellant's appeal purporting to challenge appellee's "refusal to allow revocation of resignation." Appellee argues that a "refusal to allow revocation of resignation" is not one of the actions from which a public employee may appeal to the SPBR. We disagree.
As a state administrative agency, the SPBR's authority is limited to the jurisdiction and powers conferred upon it by its enabling statute. Green v. Western Reserve Psych. Hab. Center
(1981), 3 Ohio App.3d 218, 220. R.C. 124.03, which defines the SPBR's jurisdiction and powers provides that the SPBR is authorized to:
 (A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director, or anybody authorized to perform his functions, to reassign an employee to another classification or to reclassify the employee's position with or without a job audit under division (E) of section 124.14 of the Revised Code. * * *
Here, if (as appellant contends) appellant's resignation had been revoked prior to its acceptance, the resignation would have become ineffective and appellant would have been entitled to remain on his job. See Davis, supra. Consequently, appellee's refusal to recognize appellant's alleged timely rescission is the equivalent of a discharge, a matter clearly within the jurisdiction of SPBR under R.C. 124.03(A). Thus, SPBR was authorized to hear appellant's appeal.
Appellee further argues, however, that if appellant's appeal should properly be considered an appeal of a discharge under R.C. 124.03(A), then it was filed untimely pursuant to R.C.124.34. Again, we disagree.
Pursuant to R.C. 124.34, a civil service employee has ten days to appeal certain orders of reduction, suspension, or removal. These "section 124.34 orders," however, are only those made by the appointing authority (generally for disciplinary reasons) and must be filed with the director of administrative services and the SPBR. See, generally, Duffy v. Hamilton Cty Bd.of Commrs. (1994), 92 Ohio App.3d 717; Holliday v. Ohio Dept. ofAlcohol Drug Addiction Serv. (1997), 119 Ohio App.3d 517. Here, the adverse action challenged by appellant was not a "section124.34 order" filed with the director of administrative services and the SPBR. As such, appellant had thirty days to file his appeal with the SPBR. See Ohio Adm. Code 124-1-03(G) ("appeals from all other actions shall be filed with the state personnel board of review not more than thirty calendar days after the time the appellant receives actual notice of the action"). In sum, the SPBR had authority to consider appellant's appeal regarding whether appellant timely revoked his resignation, and appellant timely filed his appeal with the SPBR.
All eight of appellant's assignments of error challenge the court of common pleas determination upholding the decision of the SPBR. Because the issues raised by appellant's assignments of error are interrelated, we address them together.
R.C. 119.12 establishes the standard of review to be applied by the court of common pleas and this court in reviewing a determination of the SPBR. See Russell v. Ohio Dept. ofAdministrative Services (Sept. 16, 1999), Franklin App. No. 99AP-22, unreported (1999 Opinions 3530); Joys v. University ofToledo (Apr. 29, 1997), Franklin App. No. 96APE08-1040, unreported (1997 Opinions 1506). Under this standard, the court of common pleas must affirm the SPBR's order if it is supported by reliable, probative, and substantial evidence and is in accordance with law. In so doing, the trial court must review the record and conduct a limited weighing of the evidence. However, "an agency's findings of fact are presumed to be correct and must be deferred to by a reviewing court unless that court determines that the agency's findings are internally inconsistent, impeached by evidence of a prior inconsistent statement, rest upon improper inferences, or are otherwise unsupportable." Ohio Historical Soc. v. State Emp.Relations Bd. (1993), 66 Ohio St.3d 466, 471; see, generally, Gen.Motors Corp. v. Joe O'Brien Chevrolet, Inc. (1997), 118 Ohio App.3d 470,482-483.
Upon further appeal to this court, our role is to determine whether the trial court abused its discretion in finding that the administrative order was or was not supported by reliable, probative, and substantial evidence and in accordance with law. Gen. Motors Corp., supra, at 483. An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982), 1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995), 106 Ohio App.3d 562,565; In re Ghali (1992), 83 Ohio App.3d 460, 466. On the question of whether the agency's order is in accordance with law, our review is plenary. See Gen. Motors Corp., supra, at 483.
As both parties acknowledge, this case involves application of the Ohio Supreme Court's decision in Davis, supra.
In Davis, the court rejected the position advanced by some prior appellate court decisions that a civil service employee had an unfettered right to revoke a resignation prior to its effective date as long as the employee did not relinquish his position. Rather, the court held in the syllabus:
 1. A public employee may rescind or withdraw a tender of resignation at any time prior to its effective date, so long as the public employer has not formally accepted such tender of resignation.
 2. Acceptance of a tender of resignation from public employment occurs where the public employer or its designated agent initiates some type of affirmative action, preferably in writing, that clearly indicates to the employee that the tender of resignation is accepted by the employer.
Thus, under Davis, a civil service employee may revoke his resignation only if the resignation has not already been accepted.
Here, appellant argues that appellee failed to accept his resignation prior to the revocation on October 11, 1996. In so doing, appellant makes two principle arguments: (1) that appellee was precluded from accepting appellant's resignation once Warden Leonard heard rumors that appellant wanted to revoke it; and (2) that an acceptance of a resignation is not effective until it is communicated to the employee. We find neither of appellant's arguments persuasive.
First, appellee was not precluded from accepting appellant's resignation simply because Warden Leonard heard rumors in the morning of October 11, 1996, that appellant wanted to revoke his resignation. Warden Leonard testified at the hearing that he did hear such rumors prior to writing the acceptance letter. We find, however, that rumors that an employee might revoke a resignation do not constitute an actual revocation. Nothing in Davis suggest that rumors are sufficient to trigger a revocation. Moreover, a contrary result would unfairly burden an employer with an obligation to determine which rumors are true and which are false before taking appropriate steps to accept a resignation and fill the position. Thus, the trial court did not abuse its discretion in this regard.
Second, we reject appellant's argument that the acceptance of appellant's resignation was not effective until it was personally communicated to appellant. Appellee contends that no such requirement is mandated by Davis and cites Davidson v.Hanging Rock (1994), 97 Ohio App.3d 723, in support. In Davidson, a village police chief, whose resignation had been accepted by a vote of the village council, argued that the acceptance was not effective until the village communicated its acceptance to him. The court rejected this argument, specifically noting that "theDavis syllabus does not require acceptance of a resignation to be conveyed or communicated directly to the employee." Id. at 729. Rather, the Davidson court found that the Davis requirement that some type of affirmative action be initiated that clearly indicates to the employee that his resignation had been accepted was satisfied when the village council voted in a public meeting to accept the resignation. Id.
As noted above, the trial court here ruled that Warden Leonard's drafting of the acceptance letter on the morning of October 11, 1996, was a sufficient affirmative action to constitute acceptance under Davis. While merely the drafting of the letter alone may not constitute an acceptance under Davis, there was reliable, probative, and substantial evidence adduced at the hearing to support the ALJ's findings that Warden Leonard initiated some type of affirmative action indicating to appellant that his resignation had been accepted. In particular, there was considerable evidence that there was an attempt to deliver the letter to appellant personally at his residence in the morning of October 11, 1996, and that, when this attempt failed, the letter was affixed to his door. As such, we find that the trial court did not abuse its discretion in ruling that the SPBR's decision was supported by reliable, probative, and substantial evidence and in accordance with law.
Finally, appellant argues that the trial court abused its discretion because, under Ohio Adm. Code 123:1-25-02, appellee was required to allow appellant to revoke his resignation. Again, we disagree.
Ohio Adm. Code 123:1-25-02 (effective November 10, 1996) provides as follows:
 An employee in the classified service who resigns, having served the required probationary period, may be reinstated upon request of the appointing authority to the director to the same or a similar position in that agency, at any time within one year from the date of such resignation. An employee that is reinstated from resignation following a break in service shall be given an appointment date based on the date of reinstatement.
Under the clear and unambiguous language of this administrative rule, an appointing authority is authorized, under certain circumstances and at its discretion, to reinstate an employee who resigns. Nothing in the provision, however, mandates any reinstatement. Thus, Ohio Adm. Code 123:1-25-02 provides no authority requiring appellee to allow appellant to revoke his resignation in this case.
For the foregoing reasons, we find that the trial court did not abuse its discretion in finding that the decision of the SPBR was supported by reliable, probative, and substantial evidence and in accordance with law. All of appellant's assignments of error are not well-taken and are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KENNEDY and BOWMAN, JJ., concur.