OPINION
Appellant Melissa Ann Mortus was born on June 21, 1972. On that date, her mother, appellant Karen Mortus, nka Karen Leuszler, was married to Russell A. Mortus. However, three years later, the marriage dissolved. A settlement agreement was incorporated into their decree of dissolution which established that Melissa Ann was born as issue of the marriage. In lieu of a child support award, the settlement agreement provided that appellant Karen Leuszler receive certain real property.
In 1995, appellants brought suit against appellee, Jeffrey Jerpbak, alleging that he was Melissa Mortus' natural father. The suit sought an order declaring Jerpbak's parentage, a money judgment compensating appellant Leuszler for her expenses related to Melissa's birth and for a lump sum monetary judgment for child support from Melissa's birth to her age of majority. Russell Mortus was also named a defendant.[1]
Appellee denied the allegation and moved to dismiss pursuant to Civ.R. 12(B)(6) arguing that both appellants were barred by the doctrine of res judicata because of the 1975 dissolution decree. The trial court granted appellee Jerpbak's motion.
On appeal, we reversed holding that res judicata was an affirmative defense which may not be raised in a Civ.R. 12(B)(6) motion. Melissa M. v. Jeffrey J. (Jan. 24, 1997), Wood App. No. WD-96-029, unreported.
On remand, appellee moved for summary judgment, again arguing that appellants' claims were barred by res judicata or failed to state a claim upon which relief might be granted.
The court once more concluded that appellant Leuszler's claims were barred by the doctrine of res judicata because of the 1975 dissolution decree. With respect to appellant Mortus' claim for paternity determination and past child support, the court concluded that past support payments of an adult child are solely the property of the custodial parent. Then, the court reasoned that since the claim of the appellant Leuszler (the custodial parent) is precluded, appellant Mortus may not pursue the action and her complaint, "* * * fails to state a claim upon which relief may be granted."
Appellants now appeal this judgment, setting forth the following single assignment of error:
 "1. THE WOOD COUNTY JUVENILE COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 "* * *(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79.
We note at the outset of our analysis that appellee now insists that, in addition to the grounds cited by the trial court, he also is entitled to summary judgment because appellants did not present proof of contested facts. We shall not, however, address these arguments. Appellee limited his motion to the effect of the 1975 decree and whether an adult child has a legal claim to back child support. Thus, appellants were never called upon to present proof relating to any other issues. See Mitseff, supra, andDresher, supra.
Concerning the trial court's conclusion that appellants' claims were barred by the doctrine of res judicata, the doctrine provides that a valid final judgment rendered upon the merits and without fraud or collusion, bars all subsequent claims arising out of the same transaction between the same parties or those in privity with them. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,381; Norwood v. McDonald (1943), 142 Ohio St. 299, paragraph one of the syllabus; 1 Restatement of Laws 2d, Judgments (1982), Sections 24 and 25.
Appellant Leuszler was a party to the 1975 dissolution, the final judgment of which found appellant Mortus the issue of that marriage. Both that case and the instant case dealt with the issue of appellant Mortus' paternity. Consequently, absent fraud or collusion, appellant Leuszler would be barred from relitigating that issue. Impliedly, however, appellant Leuszler alleges that there was misrepresentation underlying the 1975 decree because she did not believe then or now that Russell Mortus was appellant Mortus' father. Ordinarily, a misrepresentation of this nature would negate the decree for purposes of issue preclusion. However, this variety of fraud is unavailing for appellant Leuszler as she will be estopped from gaining an advantage from her own wrongful acts. Hal Artz Lincoln-Mercury v. Ford Motor Co.
(1986), 28 Ohio St.3d 20, paragraph one of the syllabus. Accordingly, she is barred from relitigating any issue related to appellant Mortus' paternity.
Appellant Leuszler's alleged misrepresentation which underlies the 1975 decree operates in an opposite manner for appellant Mortus. Not only is a child not ordinarily in privity to her parents, Johnson v. Norman (1981), 66 Ohio St.2d 186, 190, but, because there is an issue of whether the 1975 decree was founded on misrepresentation, appellant Mortus would not be barred by it unless there is a factual determination that there was no fraud in that case. This would be a question of fact which negates the possibility of summary judgment. Civ.R. 56(C). Consequently, the 1975 decree does not bar appellant Mortus' claim.
The remaining issue is whether appellant Mortus' claim is one upon which relief may be granted. In order for a court to dismiss on this ground it must appear beyond doubt that a plaintiff can prove no set of facts entitling him or her to recovery. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242, syllabus.
Here, the trial court focused on appellant Mortus' prayer for money damages for back child support and concluded that an adult child could make no such claim as a matter of law. However, as appellee's counsel conceded at oral argument, a statutory parentage action implicates more than this. A determination of parentage may affect any number of a party's rights, not the least of which are the rights of succession and inheritance. For this reason, if no other, the trial court's dismissal of appellant Mortus' claim must be reversed and remanded for the parentage determination.
Without a paternity determination, appellant Mortus' claim for unpaid child support is not yet ripe for consideration.
Accordingly, appellants' single assignment of error is well-taken with respect to appellant Mortus.
On consideration, the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed with respect to appellant Leuszler and reversed with respect to appellant Mortus. This matter is remanded to said court for proceedings consistent with this Opinion. Costs to appellee.
 JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
 Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.
[1] Russell Mortus never answered or otherwise appeared in this matter. Accordingly, Jeffrey Jerpbak is the sole appellee.