OPINION
{¶ 1} This is an appeal of a judgment of the Willoughby Municipal Court, upon a jury verdict, finding appellant, William D. Scott, guilty of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1).
 {¶ 2} On the morning of December 30, 2000, a truck driver reported on C.B. channel nine that a white Mustang with yellow and red plates was driving erratically, and that he believed the driver might be intoxicated. Trooper David Simpson ("Trooper Simpson"), being in the area, pulled into a turnaround to wait for the driver to pass. When a white Mustang with yellow and red plates passed, driven by appellant, Trooper Simpson followed it.
 {¶ 3} Trooper Simpson testified that, as he followed the Mustang, the operator was unable to drive within the marked lanes and was otherwise driving erratically. Trooper Simpson stopped the car.
 {¶ 4} When Trooper Simpson approached the car, he smelled alcohol on appellant, noticed that appellant's eyes were glassy and bloodshot, and noticed that appellant's speech was slurred. Trooper Simpson asked appellant to get out of his car, and administered the field sobriety tests. Appellant could not satisfactorily perform any of the tests, giving Trooper Simpson probable cause to believe appellant was intoxicated.
 {¶ 5} Based upon this information, Trooper Simpson placed appellant under arrest, and sat him in the back seat of the cruiser. While Trooper Simpson was waiting for a tow truck to arrive to tow appellant's car, he sat in the cruiser with appellant. Trooper Simpson testified that, during this time, appellant told him that he had "some prior problems in another Court," and that appellant experienced extreme emotional swings, going from crying to laughing. Trooper Simpson testified that this also indicated to him that appellant was intoxicated.
 {¶ 6} After the tow truck arrived, Trooper Simpson drove appellant to the Lake County Jail. At the jail, Trooper Simpson attempted to administer the breathalyzer test to appellant. Appellant began to wheeze and complain that he was suffering from asthma. Trooper Simpson testified that appellant had not wheezed at any time prior to this. After a couple of attempts to perform the test, appellant told Trooper Simpson that he could not do the test and that he was having chest pains.
 {¶ 7} Trooper Simpson walked with appellant into the booking room of the jail, and appellant stiffened and fell to the ground. Trooper Simpson testified that appellant caught himself as he fell to the ground. Appellant began to complain that he had hit his head, and that his neck hurt. The Painesville City Fire Department was called to the scene.
 {¶ 8} The firemen who responded to the scene, Allen Shupp and Robert Hendershot, testified that when they arrived and began to examine appellant they smelled alcohol. Because they smelled alcohol, they asked appellant if he had been drinking. Appellant responded that he had. Appellant was transported to LakeEast Hospital. A blood alcohol test was not administered at the hospital, although appellant's medical records bear the notation "ETOH abuse," meaning ethyl alcohol abuse.
 {¶ 9} Appellant was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), before a jury on April 6, 2001. He was found guilty and was sentenced on April 18, 2001.
 {¶ 10} From his conviction, appellant raises the following assignments of error:
 {¶ 11} "[1.] [t]he Trial Court abused its discretion in overruling Defendant-Appellant's Motion in Limine for a Protective Order to exclude evidence that is irrelevant, inadmissible and prejudicial to Defendant.
 {¶ 12} "[2.] [t]he Trial Court abused its discretion in overruling Defendant-Appellant's Motion for a Directed Verdict at the close of Plaintiff-Appellee's case."
 {¶ 13} In appellant's first assignment of error, he argues that the trial court abused its discretion by denying his motion in limine. The Supreme Court of Ohio has held that "[a] denial of a motion in limine does not preserve error for review." State v. Brown (1988),38 Ohio St.3d 305, paragraph three of the syllabus. In order for the issues, objected to in a motion in limine, to be preserved for review, the appellant must have properly objected to the evidence at trial. Id.
 {¶ 14} In appellant's first assignment of error, he presents three issues for review. For the sake of clarity, we will consider each issue separately. In his first issue, appellant claims that Trooper Simpson's testimony that appellant's car was described as a white mustang with red and yellow plates, and his testimony that appellant had stated that he had prior problems in another court were inadmissible character evidence.
 {¶ 15} Appellant did not object to Trooper Simpson's statement that "[t]he Defendant said he had some prior problems in another Court." Because he did not object to this statement, he has waived all error in admitting the statement, except for plain error. See Crim.R. 52(B).
 {¶ 16} "Plain error does not exist unless it can be said that but for the error the outcome of the trial would clearly have been otherwise." State v. Moreland (1990), 50 Ohio St.3d 58, 62. In addition, "[n]otice of plain error under Crim. R. 52(B), is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 17} In his testimony, Trooper Simpson's entire statement on appellant's prior DUI convictions was: "[t]he Defendant said he had some prior problems in another Court." Nowhere did the prosecution indicate that his "prior problems" were DUI charges, or that appellant was convicted of the charges. This single statement is not so prejudicial that, without it, appellant would not have been convicted of DUI.
 {¶ 18} Appellant also argues that Trooper Simpson's mention of yellow and red license plates in his description of appellant's car was improper character evidence because the color of the license plates indicated that appellant had prior legal involvement for driving under the influence of alcohol. Appellant properly objected to the introduction of this testimony at trial.
 {¶ 19} Evid.R. 404(B) provides that:
 {¶ 20} "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 21} In this case, the truck driver described appellant's car to Trooper Simpson as a "white Ford Mustang with yellow and red plates on it." Trooper Simpson testified that, as he pulled into a crossover, he saw a white Ford Mustang with yellow and red plates. The existence of the yellow and red plates served to identify the car Trooper Simpson stopped as the car the truck driver reported to be driving erratically. Thus, this testimony falls under the identity exception of Evid.R. 404(B), and is admissible.
 {¶ 22} Furthermore, even if evidence of appellant's yellow and red license plates should not have been permitted, the error was harmless. While yellow and red license plates were mentioned at trial, the state never explained that yellow and red plates mean that the driver has a prior conviction for driving under the influence. In addition, considering the overwhelming evidence supporting the verdict that appellant was driving under the influence of alcohol, appellant was not prejudiced by the statement that his car had yellow and red license plates.
 {¶ 23} Appellant also argues that the trial court erred by admitting into evidence the words "ETOH abuse" in his medical records from when he was taken to the hospital after falling in the jail. Appellant claims that this diagnosis found in the medical records was not supported by medical expert testimony. Appellant, however, was the party who offered the medical records as evidence. Appellant obviously did not object to the admissibility of his own evidence. Thus, appellant waived any appeal predicated on the admission of this evidence. Furthermore, even if the court's admission of the medical records were plain error, it was error invited by appellant. "A party will not be permitted to take advantage of an error which he himself invited or induced." Hal ArtzLincoln-Mercury, Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20, paragraph one of the syllabus.
 {¶ 24} Appellant also claims that the testimony of firemen Allen Shupp and Robert Hendershot of the Painesville Fire Department that they included a notation of ETOH (ethyl alcohol) on their report should not have been admitted. Appellant claims that the firemen's testimony regarding the presence of alcohol should have been excluded because neither could be considered a medical expert.
 {¶ 25} In this case, it is unnecessary for us to determine whether the firemen could be qualified to give an opinion on appellant's intoxication. Both officers testified that the notation ETOH was placed in the report because the firemen asked the victim whether he had been drinking alcohol and appellant answered that he had. This does not constitute medical opinion evidence. The firemen's testimony was simply a report of appellant's admission that he had been drinking alcohol. This evidence was clearly admissible as a non-hearsay admission by a party-opponent, pursuant to Evid.R. 801(D)(2). Even if the statement were hearsay, it is admissible as a statement made for purposes of medical diagnosis, under Evid.R. 803(4).
 {¶ 26} As the last issue under his first assignment of error, appellant argues that the trial court's jury instruction regarding his refusal to take a breathalyzer test was erroneous because it was unsubstantiated by the facts. A review of the record shows that appellant failed to object to the jury instruction when it was given, thereby waiving any appeal of the instruction absent plain error. State v. Long
(1978), 53 Ohio St.2d 91, paragraph one of the syllabus. In this case, we could not say that, had the instruction not been given, appellant would not have been convicted of driving under the influence of alcohol. Thus, the trial court did not commit plain error by instructing the jury on refusal of a breathalyzer test. Appellant's first assignment of error is without merit.
 {¶ 27} In his second assignment of error, appellant argues that the trial court abused its discretion by overruling his oral Crim.R. 29 motion for acquittal, made at the close of the state's case. Appellant argues that it was error for the court to overrule his motion when a finding that he was guilty beyond a reasonable doubt was against the manifest weight of the evidence.
 {¶ 28} Appellant seems to be arguing two separate issues in his assignment of error; the court erred by overruling his motion for acquittal, and the verdict was against the manifest weight of the evidence. We will consider these two arguments separately.
 {¶ 29} An appellant must renew his Crim.R. 29 motion for acquittal at the close of evidence or any claimed error regarding the Crim.R. 29 motion is waived. State v. Barksdale (June 22, 2001), 11th Dist. No. 2000-L-088, 2001 Ohio App. LEXIS 2808 at *3. A review of the record reveals that appellant never renewed his Crim.R. 29 motion for acquittal at the close of evidence. Thus, appellant has waived any claimed error regarding the trial court's denial of his motion for acquittal. However, even if we were to consider it, appellant's argument is not well taken.
 {¶ 30} When a defendant makes a Crim.R. 29 motion, he is essentially challenging the sufficiency of the evidence of his conviction. State v. Wargo (Oct. 31, 1997), 11th Dist. No. 96-T-5528, 1997 Ohio App. LEXIS 4846 at *5. When an appellate court examines a criminal conviction for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 31} In this case, the state had to prove that appellant: (1) was operating a vehicle; (2) in the state of Ohio, and (3) while under the influence of alcohol. R.C. 4511.19(A)(1). There is no dispute as to the first two of these elements. Appellant, however, claims that the evidence was insufficient to find that he was under the influence of alcohol.
 {¶ 32} "To prove impaired driving ability, the state can rely on physiological factors (e.g., slurred speech, bloodshot eyes, odor of alcohol) and coordination tests (e.g., field sobriety tests) to determine that a person's physical and mental ability to drive is impaired."Wargo, supra at *7.
 {¶ 33} Trooper Simpson testified that he saw appellant driving, and that appellant was unable to keep his car in the marked lanes. Trooper Simpson testified that, when he stopped appellant, he could smell alcohol on the appellant, he noticed that appellant's eyes were glassy and bloodshot, and he noticed appellant's slurred speech.
 {¶ 34} At the scene of the traffic stop, Trooper Simpson had appellant perform the three field sobriety tests, the one-leg stand test, the walk-and-turn test, and the horizontal gaze nystagmus test. The results of each of these tests indicated that appellant was intoxicated.
 {¶ 35} Additionally, after he fell at the jail, appellant admitted to the firemen who came to transport him to the hospital that he had been drinking. The hospital records from that day likewise indicate "ETOH abuse."
 {¶ 36} Viewed in a light most favorable to the prosecution, this evidence is sufficient to prove all of the elements of the crime of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1) beyond a reasonable doubt. Appellant's first issue is not well taken.
 {¶ 37} Appellant also claims that his conviction was against the manifest weight of the evidence. When an appellate court reviews a criminal verdict to determine whether it is against the manifest weight of the evidence, it:
 {¶ 38} "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Statev. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175.
 {¶ 39} The case sub judice is not a case in which the evidence weighs so heavily against the conviction that we must reverse the conviction and grant a new trial. Indeed the evidence is overwhelming that appellant was driving under the influence of alcohol. Appellant's second issue is, therefore, not well taken.
 {¶ 40} Based on the foregoing, the judgment of the Willoughby Municipal Court is affirmed.
JUDITH A. CHRISTLEY, J., DIANE V. GRENDELL, J., concur.